The STATE of Ohio, Appellee,

v.

ANDERSON, Appellant.

[Cite as *State v. Anderson* (1995), 108 Ohio App.3d 5.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17253.

Decided Dec. 13, 1995.

*Maureen O'Connor,* Summit County Prosecuting Attorney, and *Philip D. Bogdanoff,* Assistant Prosecuting Attorney, for appellee.

*Nicholas Swyrydenko,* for appellant.

BAIRD, Presiding Judge.

Defendant-appellant, Leroy Anderson, appeals his convictions for aggravated murder, attempted aggravated murder, and three counts of aggravated robbery, rendered upon his plea of guilty to each charge in the Summit County Court of Common Pleas. We affirm.

On October 19, 1994, appellant was indicted for the following crimes: (1) aggravated murder, with aggravated circumstances and firearm specifications, of Kurt O. Kyle; (2) attempted aggravated murder, with firearm specifications, of Dean Pizer; (3) three counts of aggravated robbery, with firearm specifications; and (4) unlawful possession of dangerous ordnance, with firearm and physical harm specifications.

On October 26, 1994, appellant pled not guilty to the above-listed charges. Before his scheduled trial, the state offered appellant a plea bargain. On December 12, 1994, pursuant to the plea bargain, appellant pled guilty to one count of aggravated murder, one count of attempted aggravated murder, and three counts of aggravated robbery. The remaining count and all specifications to the counts of the indictment were dismissed. Appellant also agreed to testify against his codefendant should the state require him to do so.

The trial court sentenced appellant to a life prison term for aggravated murder, ten to twenty-five years for attempted aggravated murder, and ten to twenty-five years for each count of aggravated robbery. The trial court also ordered the sentences for aggravated murder and attempted aggravated murder to be served consecutively. For the count of aggravated robbery, one sentence was ordered to be served consecutively with the sentence for aggravated murder, and one to run concurrently with the sentence for attempted aggravated murder.

Appellant now seeks to withdraw his guilty pleas, based on the following assignment of error:

"The trial court erred in accepting appellant's guilty pleas without having reasonably informed appellant of the constitutional rights being waived by a

guilty plea, in particular the right to obtain witnesses in his favor through compulsory process, and without having adequately determined that appellant was voluntarily and intelligently waiving those rights, in violation of the requirements of Ohio Criminal Rule 11(C)(2), and in violation of appellant's rights to due process under the Fifth and Fourteenth Amendments to the United States Constitution."

Appellant asserts that the trial court failed to inform him about certain rights he was forfeiting by entering his pleas as required by Crim.R. 11(C), and failed to adequately determine whether he was voluntarily and intelligently waiving his constitutional rights. In response, the state argues that the trial court strictly complied with the requirements of Crim.R. 11(C), making appellant aware of each and every right he was waiving and the consequences thereof.

## A

■ The Supreme Court of Ohio addressed the nature of the rights enumerated in Crim.R. 11 in *State v. Ballard* (1981), 66 Ohio St.2d 473, 20 O.O.3d 397, 423 N.E.2d 115. The *Ballard* court determined that the right to compulsory process, along with the privilege against self-incrimination, the right to a jury trial, and the right to confront one's accusers, is a constitutional right, of which a defendant must be informed by the trial court. *Id.* at 477, 20 O.O.3d at 399–400, 423 N.E.2d at 118, fn. 4. See, also, *State v. Thomas* (1990), 67 Ohio App.3d 127, 131–132, 586 N.E.2d 198, 200–202.

Crim.R. 11(C) governs the acceptance of guilty pleas in felony cases, stating in pertinent part that:

"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

" * * *

"(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."

■ "Before accepting a guilty plea, the trial court is required to inform the defendant that by pleading guilty, he is waiving the constitutional and non-constitutional rights enumerated in Crim.R. 11(C)(2)." *State v. Abuhilwa* (Mar. 29, 1995), Summit App. No. 16787, unreported, at 3, 1995 WL 134746, citing *State v. Cogar* (Oct. 20, 1993), Summit App. No. 16234, unreported, at 2–3, 1993 WL 413651. The Supreme Court of Ohio has established two separate standards of

review with respect to constitutional and nonconstitutional rights in determining whether a trial court has satisfied its duty to inform. *Abuhilwa, supra,* at 3, 1995 WL 134746.

With respect to constitutional rights, the trial court's acceptance of a guilty plea will be affirmed if the court engaged in a meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant." *State v. Ballard* (1981), 66 Ohio St.2d 473, 20 O.O.3d 397, 423 N.E.2d 115, paragraph two of the syllabus. Failure to use the exact language contained in Crim.R. 11(C) in informing a criminal defendant of his constitutional rights related to trial is not grounds for vacating a plea so long as the above standard is met. *Id.* However, it has been strongly recommended by the Supreme Court of Ohio that trial courts use the language in Crim.R. 11(C), stopping after each right and asking the defendant whether he understands the right and knows he is waiving it by pleading guilty. *Id.,* 66 Ohio St.2d at 479, 20 O.O.3d at 400–401, 423 N.E.2d at 119. Complete failure to inform a defendant of the safeguards required by Crim.R. 11 is prejudicial and may provide grounds for vacating the plea. *State v. Luhrs* (1990), 69 Ohio App.3d 731, 735, 591 N.E.2d 1251, 1253.

If nonconstitutional rights are involved, the trial court's acceptance of a guilty plea will be affirmed so long as the court substantially complied with the requirements of Crim.R. 11(C)(2) and the defendant subjectively understood the implications of his plea and the nature of the nonconstitutional rights he was waiving. *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474, 476–477.

### B

Appellant claims that the trial court failed to advise him of five separate rights which he was relinquishing by entering his plea. Specifically, appellant contends that he was not advised that he was forfeiting his rights to:

1. compulsory process;

2. trial by jury;

3. cross-examination of witnesses;

4. freedom from self-incrimination; and

5. have the state prove his guilt beyond a reasonable doubt.

Appellant further claims that the trial court failed to determine that he voluntarily and intelligently waived the above rights.

A review of the record, including the transcript of the plea proceedings discussed above, indicates that appellant was, in fact, advised of each of these

rights, and of the effect his pleas would have on them, by the trial court. Prior to accepting his guilty pleas, the trial court personally addressed appellant, inquiring whether he understood the nature of the charges to which he was pleading and the rights to which he was entitled. Before acceptance of the guilty pleas, the following dialogue took place:

"THE COURT: [D]id you sit down and discuss with your counsel all of the charges against you?

"THE DEFENDANT: Yes, ma'am.

"THE COURT: And you discussed with him the possible penalties that are involved; is that correct?

"THE DEFENDANT: Yes, ma'am.

"THE COURT: More specifically, directing you to Count 7 of the supplemental indictment wherein you are charged with one count of aggravated murder involving Kurt Kyle, you discussed that?

"THE DEFENDANT: Yes, ma'am.

"THE COURT: And you understand that that is a specific felony which carries only the possibility of a life sentence in prison. Did you talk about that with your counsel?

"THE DEFENDANT: Yes, ma'am.

"THE COURT: And you talked to them about Count 8 which is one count of attempted murder, that is relative to one Dean Pizer. Did you discuss that count?

"THE DEFENDANT: Yes, ma'am.

"THE COURT: And they told you that that is an aggravated felony of the first degree which carries a possible maximum incarceration of 10 to 25 years in the Ohio State Penal System. Did you talk about that?

"THE DEFENDANT: Yes, ma'am.

"THE COURT: And you talked with your counsel about Counts 9, 10 and 11, all being counts of aggravated robbery, again, aggravated felonies of the first degree, each carrying a possible maximum incarceration of 10 to 25 years.

"  *  *  *

"THE DEFENDANT: Yes, ma'am.

"THE COURT:  *  *  * Do you believe that you understand the opinions and recommendations that [your attorneys] made to you?

"THE DEFENDANT: Yes, ma'am.

"  *  *  *

"THE COURT: Do you understand by [pleading guilty to the above charges] you are giving up your right to a trial to the court or trial to a jury?

"THE DEFENDANT: Yes, ma'am.

"THE COURT: You are giving up your right to call witnesses on your behalf or to cross-examine witnesses?

"THE DEFENDANT: Yes, ma'am.

"THE COURT: You are giving up your right to make the State prove beyond a reasonable doubt that you committed each and every one of these offenses?

"THE DEFENDANT: Yes, ma'am.

"THE COURT: And you understand if you went to trial and chose not to do so, you would not have to testify and it could not later be used against you?

"THE DEFENDANT: Yes.

"THE COURT: Now, other than any recommendations that have been placed on the record, has anyone made any promises or agreements for your plea?

"THE DEFENDANT: No ma'am.

"THE COURT: Are you being forced or coerced, counsel, family, friends, law enforcement, anyone?

"THE DEFENDANT: No, ma'am.

"* * *

"THE COURT: I find that you have been adequately and appropriately represented by counsel, I believe that you do understand the nature of all the charges, you are aware of all the penalties that are involved, you are knowingly and voluntarily entering your pleas. I accept your pleas[.]"

The standard of review enunciated in *Ballard* does not require that the trial court use the exact language contained in Crim.R. 11(C), when the trial court explains the defendant's constitutional rights in a manner reasonably intelligible to the defendant. *Ballard, supra,* paragraph two of the syllabus; *Thomas, supra,* 67 Ohio App.3d at 132, 586 N.E.2d at 201. We believe that this requirement was satisfied in the instant case.

Applying the *Ballard* standard to the present case, we find that the trial court did conduct and engage in a meaningful dialogue with appellant sufficient to inform the appellant in a reasonably intelligible manner of his rights to compulsory process,[1] trial by jury,[2] cross-examination,[3] protection from

1. "You are giving up your right to call witnesses on your own behalf[.]"

2. "[Y]ou are giving up your right to a trial to the court or to a jury[.]"

3. "You are giving up your right to * * * cross-examine witnesses[.]"

self-incrimination,[4] and the burden on the state to prove his guilt beyond a reasonable doubt.[5] Appellant responded affirmatively to the court, indicating he understood each of these rights and the effect his pleas had on them. Based on the foregoing analysis, and having examined the record in this case, we find that appellant was properly informed of his constitutional rights pursuant to Crim.R. 11(C).

## C

Because a guilty plea constitutes a waiver of significant constitutional rights, it must represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford* (1970), 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162, 168; *State v. DeNardis* (Dec. 29, 1993), Medina App. No. 2245–M, unreported, at 6, 1993 WL 548761 *2–3.

It is apparent from the record that the court properly determined that appellant had entered his pleas knowingly and voluntarily. In addition to the inquiry conducted by the trial court at the plea hearing (delineated above), appellant had met with his attorneys prior to entering his pleas. Defense counsel stated at the plea hearing that he, too, had "at length counseled with and explained to Mr. Anderson the minimum and maximum penalties involved, the elements of the offenses, the various constitutional and statutory rights that one foregoes [*sic*, forgoes] when there is an admission of guilt, the fact that this is final for him, that there is no appeal of this, there is no chance of probation. I think I have covered all that in detail. I also explained to him that you would in a more detail [*sic*] fashion than I have inquire of him."

Appellant acknowledged repeatedly that he had received such information from his attorneys. While these actions by defense counsel do not obviate the need for the dialogue conducted by the trial court, it is apparent that appellant had been repeatedly advised of his rights and alternatives prior to entering his pleas. The trial court properly accepted his pleas.

Appellant's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

---

4. "And you understand if you went to trial and chose not to do so, you would not have to testify and it could not later be used against you?"

5. "You are giving up your right to make the State prove beyond a reasonable doubt that you committed each and every one of these offenses?"

REECE, J., concurs.

DICKINSON, J., dissents.

DICKINSON, Judge, dissenting.

The trial court told defendant that he was "giving up [his] right to call witnesses on [his] behalf." The Sixth Amendment to the United States Constitution, however, provides: "[I]n all criminal prosecutions the accused shall enjoy the right * * * to have compulsory process for obtaining witnesses in his favor." Believing that there is a significant difference between a right to "call" witnesses and a right to compel their attendance, I would reverse the judgment of the trial court.