OPINION
Defendant-appellant, Matthew Henderson, entered a guilty plea and received an agreed sentence jointly proposed by defense counsel and the prosecutor pursuant to R.C. 2953.08(D). Appellant appeals the trial court's acceptance of his plea and the imposition of his sentence. We affirm the decision of the trial court.
On January 23, 1998, appellant and his co-defendant, Rashad Gary, entered a Sunoco station wearing ski masks and brandishing pistols. On February 9, 1998, appellant was indicted on two counts of aggravated robbery and one count of felonious assault. On April 17, 1998, upon the advice of counsel, appellant pled guilty to both counts of aggravated robbery. The felonious assault charge was dismissed. Prior to accepting appellant's guilty plea, the trial court fully advised appellant of his constitutional rights and the possible maximum penalty. Appellant represented to the court that he fully understood that a guilty plea resulted in a waiver of his rights. In addition, appellant voluntarily signed a written waiver form.
On May 27, 1998, the date set for sentencing, appellant claimed that he had engaged in conversations outside of court which led him to believe that he would not be sentenced to a term longer than five years. The trial court allowed appellant to withdraw his plea, and the case was reset for trial on June 30, 1998.
On June 23, 1998, while awaiting trial, appellant and Gary broke out of the Warren County Jail. Appellant and Gary also committed another crime. Three days later, appellant and Gary were apprehended several miles away. On July 13, 1998, appellant was indicted on one count of escape, one count of burglary, and one count of breaking and entering.
On July 29, 1998, appellant appeared before the court with his attorney, Ronald W. Ruppert. At the hearing, Ruppert and the prosecutor proposed a jointly negotiated sentence to the trial court pursuant to R.C. 2953.08(D). Under the agreement, appellant pled guilty to two counts of aggravated robbery in the first case, and one count of escape in the second case. All remaining charges in both cases were dismissed. The agreement proposed consecutive sentences of four years on each count for an aggregate sentence of twelve years.
The trial court again fully advised appellant of his rights. Appellant represented to the court that he understood the agreement which had been proposed, and that he was waiving his rights by pleading guilty. In addition, appellant also voluntarily signed another written waiver form.
The trial court imposed the twelve-year sentence proposed by the prosecutor and Ruppert. Appellant now appeals, raising two issues for our review under the following sole assignment of error:
 THE TRIAL COURT ERRED IN ACCEPTING MR. HENDERSON'S GUILTY PLEAS WHEN SAID PLEAS WERE NOT MADE IN A KNOWING, INTELLIGENT AND VOLUNTARY MANNER, THUS VIOLATING THE DUE PROCESS CLAUSE OF BOTH THE OHIO AND FEDERAL CONSTITUTIONS.
We will first discuss appellant's second issue presented for review, in which appellant argues that his sentences violate R.C.2941.25 because his offenses were allied offenses of similar import.
Appellate review of a negotiated felony sentence is governed by R.C. 2953.08(D) which states in part: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." (Emphasis added.) Since appellant was sentenced according to a negotiated agreement under R.C.2953.08(D), the threshold issue is whether or not appellant's sentence may even be appealed.
The plain language of R.C. 2953.08(D) states that, as long as the sentence is "authorized by law," the appellate court may not review the sentence. This court has previously held that a sentence is "authorized by law" under R.C. 2953.08(D) as long as the prison term imposed does not exceed the maximum term proscribed by statute for the offense. State v. Stacy (May 10, 1999), Warren App. No. CA98-08-093, unreported, at 9. See, also,State v. Bristow (Jan. 29, 1999), Crawford App. No. 3-98-21, unreported, discretionary appeal not allowed (1999), 85 Ohio St.3d 1495. Appellant's sentences do not exceed the statutory range, and are therefore "authorized by law" under R.C. 2953.08(D).[1]
Ohio courts have construed R.C. 2953.08(D) strictly. In fact, the Tenth District Court of Appeals has specifically held that where a sentence is imposed pursuant to a joint recommendation, it is not reviewable even where the sentences are imposed for convictions on allied offenses. State v. Coats (Mar. 30, 1999), Franklin App. No. 98AP-927, unreported. Similarly, the Eighth District Court of Appeals has held that an agreement which is knowingly and voluntarily entered is sufficient to withstand any later attack even when the attack involves a plea to allied offenses. State v. Styles (Oct. 9, 1997), Cuyahoga App. No. 71052, unreported.
Therefore, we find that appellant's claim that his sentence violates R.C. 2941.25 is not subject to appellate review since he knowingly and voluntarily entered a negotiated plea agreement pursuant to R.C. 2953.08(D). Accordingly, appellant's second issue for review lacks merit.
Under his first issue presented for review, appellant argues that his guilty plea was not knowingly and voluntarily made. We note that although appellant's jointly recommended sentence is not subject to appellate review, the voluntariness of appellant's guilty plea pursuant to Crim.R. 11(C) is reviewable on direct appeal. State v. Griffin (July 24, 1998), Hamilton App. Nos. C-970507 and C-970527, unreported, discretionary appeal not allowed (1998), 84 Ohio St.3d 1493.
Before accepting a defendant's guilty plea, the trial court must ensure that the defendant realizes what he is giving up by pleading guilty. The record must demonstrate that the defendant was informed of his constitutional rights in a reasonable manner.State v. Ballard (1981), 66 Ohio St.2d 473, 478. The court is not required to use the exact language of Crim.R. 11(C), but it must explain the constitutional rights that are waived in a manner reasonably intelligible to the defendant. State v. Anderson
(1995), 108 Ohio App.3d 5, 11, discretionary appeal not allowed (1996), 75 Ohio St.3d 1494.
In this case, appellant was advised of the effect of his guilty plea on two different occasions, first on April 17, 1998 and again on July 29, 1998. Prior to accepting both of appellant's guilty pleas, the trial court engaged appellant in a meaningful plea colloquy. In addition, appellant voluntarily signed waivers prior to entering both guilty pleas.
The only irregularity during these proceedings occurred at the July 29, 1998 hearing. At one point, Ruppert stated that appellant was aware that he may eventually be eligible for judicial release. This passing colloquy was not further commented upon. Upon further review, it is evident that under R.C.2929.20(A)(1)(a), appellant would not be eligible for judicial release because his aggregate sentence was in excess of ten years.
Our review of the record shows that, despite this erroneous statement by Ruppert, appellant's plea was voluntarily made. "[W]here the record discloses that the trial court has personally addressed a defendant during his plea hearing and has informed him of his constitutional rights, not informing the defendant of one of the nonconstitutional rights is not prejudicial error and is subject to the substantial-compliance rule." Griffin, Hamilton App. Nos. C-970507, citing Ballard, 66 Ohio St.2d at 423. Substantial compliance means that, under the totality of the circumstances, the defendant objectively understood the implication of his plea and the rights he was waiving. State v.Nero (1990), 56 Ohio St.3d 106, 108.
It is important to note that this is not a case where the trial court misinformed the appellant of one of his rights. Rather, appellant's attorney made a misstatement regarding appellant's eligibility for judicial release, a nonconstitutional right. We find that the totality of the circumstances demonstrates that the trial court substantially complied with the statutory requirements and that appellant understood the implications of his plea. Accordingly, we find that appellant's first issue presented for review lacks merit, and his assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] Aggravated robbery, a first degree felony, carries a maximum penalty of ten years in prison. Escape, a second degree felony, carries a maximum penalty of eight years in prison. R.C.2929.14(A)(1)-(2).