OPINION
{¶ 1} This is an appeal from a conviction resulting from a plea agreement wherein the trial court imposed the sentence jointly recommended by the Defendant and the State. Defendant argues on appeal that R.C. 2953.08(D) is unconstitutional, that his plea was not made knowingly, intelligently or voluntarily, and that he was denied effective assistance of counsel.
 {¶ 2} On March 15, 2001, Defendant, Steven Lentz, was indicted on three counts of forcible rape of a child under thirteen years of age. On June 26, 2001, Lentz pled no contest to two counts of rape. The court accepted the jointly recommended sentence of the State and the Defendant and sentenced Lentz to two ten-year prison terms to run consecutively. The court did not make findings to support the sentences it imposed.
 FIRST ASSIGNMENT OF ERROR {¶ 3} "O.R.C. 2953.08(D) is unconstitutional because it does not require findings and reasons for a consecutive or maximum sentence the court imposes, and precludes appellate review of the same."
 {¶ 4} The appellate jurisdiction of Ohio's intermediate courts of appeals is defined by legislative enactment. Article IV, Section 3, Ohio Constitution. R.C. 2953.02 provides that, except in a capital case in which the offense was committed on or after January 1, 1995, the final judgment or order of an inferior court of record in a criminal case may be reviewed by a court of appeals. This provision confers a right of appeal concerning any issue of law arising out of a criminal conviction and sentence, so long as the jurisdiction of the appellate court is properly invoked. See App.R. 3 and 4.
 {¶ 5} As a part of the comprehensive provisions of S.B. 2 governing criminal sentences that become effective in 1996, the General Assembly enacted R.C. 2953.08, which sets out certain grounds and procedures for appellate review of a sentence imposed in the circumstances identified therein. Paragraph (A)(1)-(6) of that section sets out specific grounds upon which a defendant may take an appeal "in addition to any other right to appeal and except as provided in division (D) of this section." Id. R.C. 2953.08(D) states:
 {¶ 6} "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
 {¶ 7} The limiting effects of R.C. 2953.08(D) apply only to grounds set out in R.C. 2953.08(A) that a defendant asserts with respect to his sentence. Those terms do not apply to any other grounds a defendant may assert on an appeal taken pursuant to R.C. 2953.02.
 {¶ 8} Lentz argues that R.C. 2953.08(D) is unconstitutional because it conflicts with the requirements of R.C. 2929.19(B)(2)(c) and R.C. 2929.14(C). Those sections require the court to state certain findings supported by reasons justifying its sentence in the situations described. Lentz argues that the sentence the trial court imposed on him falls within those requirements. The court stated no findings or reasons when it imposed its sentence. Lentz contends that the court relied on R.C. 2953.08(D) to avoid those requirements.
 {¶ 9} The trial court stated no statutory findings or reasons for the sentence it imposed. Neither did the court refer to R.C. 2953.08(D) as authority to avoid that requirement. Indeed, the terms of R.C.2953.08(D) confer no authority on the trial court. That section simply bars a right of appeal otherwise conferred by R.C. 2953.08(A); that is, one based on the grounds in subparagraphs (1)-(6) of that section "when the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Id.
 {¶ 10} It is undisputed that Lentz's sentence satisfied each of the requirements specified in 2953.08(D). "A sentence is authorized by law as long as the prison term imposed does not exceed the maximum term authorized for the offense." State v. Engleman (Aug. 18, 2000), Hamilton App. No. C-990845, discretionary appeal not allowed (2000),90 Ohio St.3d 1481. Lentz's sentence does not exceed the statutory range, therefore, it is authorized by law. Additionally, the trial court made sure that Lentz understood the plea agreement and that his decision to plea was voluntary. Finally, the trial court imposed the exact sentence contemplated by both parties in the plea agreement. Both parties stipulated that Lentz was to receive a sentence of two ten-year sentences to be served consecutively. By sentencing Lentz in accord with the terms of the plea agreement, the trial court imposed a sentence that had been recommended jointly by the defendant and the prosecution.
 {¶ 11} The foregoing facts would trigger the provisions of R.C2953.08(D) to bar any appeal taken pursuant to R.C. 2953.08(A). It is unclear whether Lentz's contentions concerning the lack of finding and reasons fall within any of those grounds. However, if they do, R.C.2953.08(D) bars the right of appeal conferred.
 {¶ 12} If Lentz's contentions are instead viewed as an appeal taken pursuant to the general provisions of R.C. 2953.02, then R.C.2953.08(D) has no effect. However, in that event Lentz's agreement to the jointly recommended sentence the court imposed waives his right to argue on appeal that the court erred when it imposed the recommended sentence absent the findings and reasons that R.C. 2929.19(B)(2)(c) and R.C.2929.14(C) might require. It is well-settled that a party may not argue that the party was prejudiced by error which the party induced the trial court to commit.
 {¶ 13} These findings portray no conflict between R.C. 2953.08(D) and those other sections of the Revised Code which require findings and reasons. R.C. 2953.08(D) merely operates as a jurisdictional limit on R.C. 2953.08(A) appeals. Therefore, we reject Lentz's claim that R.C.2953.08(D) is unconstitutional on that account.
 {¶ 14} Lentz further argues that R.C. 2953.08(D) is unconstitutional for another reason; that because it bars his right of appeal, due process requires the trial court to advise him of that effect when it accepts a joint recommendation concerning a sentence the court then imposes.
 {¶ 15} Due process requires a court to inform a defendant who enters a guilty plea, before the court accepts the plea, that the defendant thereby waives his constitutional privilege against compulsory self-incrimination, his right to a jury trial, his right to confront his accusers, and his right to compulsory process. State v. Ballard (1981),66 Ohio St.2d 473. Crim.R. 11(C) imposes those same requirements. Neither extends to a sentencing recommendation, which does not implicate due process.
 {¶ 16} All that R.C. 2953.08(D) does is bar a right of appeal conferred by R.C. 2953.08(A) when the requirements of R.C. 2953.08(D) are satisfied. The rights that R.C. 2953.08(A) confers are not constitutional, but statutory. We are not aware of a constitutional requirement that a court advise a defendant that by his conduct he waives such rights.
 {¶ 17} The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR {¶ 18} "The trial court erred in accepting appellant's plea because it was not made knowingly, intelligently, or voluntarily in violation of his constitutional rights."
 {¶ 19} Lentz argues that his plea was not knowingly, intelligently or voluntarily made.
 {¶ 20} As explained earlier, while Lentz's jointly recommended sentence is not subject to appellate review, the voluntariness of appellant's guilty plea pursuant to Crim.R. 11(C) is reviewable on direct appeal. State v. Griffin (July 24, 1998), Hamilton App. Nos. C-970507 and C-970527, unreported, discretionary appeal not allowed (1998),84 Ohio St.3d 1493.
 {¶ 21} "Before accepting a defendant's guilty plea, the trial court must ensure that the defendant realizes what he is giving up by pleading guilty. The record must demonstrate that the defendant was informed of his constitutional rights in a reasonable manner." State v.Ballard (1981), 66 Ohio St.2d 473, 478.
 {¶ 22} The procedure that must be followed by a trial court is delineated in Crim. R. 11(C)(2):
 {¶ 23} In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 {¶ 24} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 25} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 26} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim R. 11(C)(2).
 {¶ 27} The court is not required to use the exact language of Crim.R. 11(C), but it must explain the constitutional rights that are waived in a manner reasonably intelligible to the defendant. State v.Anderson (1995), 108 Ohio App.3d 5, 11, discretionary appeal not allowed (1996), 75 Ohio St.3d 1494, 664 N.E.2d 1291. The Supreme Court has held that compliance with Crim. R. 11 encompasses all of the procedural requirements established by the United States Constitution. State v.Johnson (1988), 40 Ohio St.3d 130; State v. Stewart (1977),51 Ohio St.2d 86.
 {¶ 28} The record clearly indicates that the trial court observed each requirement of Crim. R. 11(C)(2), by meticulously asking every salient question and receiving an affirmative answer from Lentz that he understood the nature and the effect of his plea during the June 26, 2001 sentencing hearing.
 {¶ 29} Because we find no evidence that the plea was not voluntarily entered into, the second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR {¶ 30} "Defendant was denied effective assistance of counsel because he was not advised of the consequences of accepting a jointly recommended plea agreement."
 {¶ 31} Lentz argues that he was denied effective assistance of counsel because "it can be deduced that trial counsel never discussed appellate review with his client." Lentz argues that an exchange between his trial counsel and the trial judge shows that Lentz's trial counsel failed to advise him of the consequences of accepting the jointly recommended plea agreement.
 {¶ 32} The exchange that Lentz is referring to between his trial attorney, Frank Patrizio, and the trial court is as follows:
 {¶ 33} "MR. PATRIZIO: Your honor, my client has indicated that he would like to have counsel for an appeal and I would ask the Court to appoint counsel for him for that.
 {¶ 34} "THE COURT: You have the right, Mr. Lentz, to appeal any of the decisions of the Court and you have the right . . . to have an attorney as I indicated appointed to represent you and it's my understanding that you would like to have a new counsel assigned for the purpose of the appeal?
 {¶ 35} "MR. LENTZ: That's correct.
 {¶ 36} "THE COURT: And I'll make a point of having that done within thirty days after this decision is journalized. Thank you. Court stands adjourned." Change of Plea/Sentencing Hearing Tr., at 18.
 {¶ 37} One might surmise from this exchange that Lentz's attorney was unaware that R.C. 2953.08(D) might bar Lentz's right of appeal on any of the grounds that R.C. 2953.08(A) provides. However, R.C. 2953.08(D) does not affect an appeal taken pursuant to R.C. 2953.02, which remained available to Lentz notwithstanding the joint recommendation.
 {¶ 38} In any event, to maintain this ineffective assistance of counsel claim Lentz must show, on the record before us, that but for counsel's deficient performance the outcome of the proceeding probably would have been different. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674. That requires a finding that Lentz would not have agreed to the joint recommendation had he been award of the R.C. 2953.08(D) bar. The record does not support such a finding.
 {¶ 39} The third assignment of error is overruled.
 {¶ 40} Having overruled the errors assigned, we will affirm the judgment from which this appeal was taken.
BROGAN and WOLFF, JJ. concur.