DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Justin Stalnaker, appeals from the judgment of the Summit County Court of Common Pleas. We reverse and remand.
 I. {¶ 2} On October 10, 2001, Mr. Stalnaker was indicted for the following: (1) two counts of aggravated vehicular assault, in violation of R.C. 2903.08(A)(1), a third degree felony; (2) one count of driving while under the influence of alcohol or drugs, in violation of R.C.4511.19(A)(1), a first degree misdemeanor; and (3) one count of divided roadway, in violation of 4511.35, a minor misdemeanor. Mr. Stalnaker pled not guilty to all four counts.
 {¶ 3} The trial court dismissed one count of the aggravated vehicular assault charge, and a trial was had on the three remaining charges. A jury found Mr. Stalnaker guilty of the driving under the influence charge as well as the divided roadway charge. However, the jury did not return a verdict as to the remaining aggravated vehicular assault charge, and consequently the trial court declared a hung jury with respect to this charge.
 {¶ 4} Prior to retrial on the remaining aggravated vehicular assault charge, Mr. Stalnaker retracted his formerly-entered not guilty plea, and instead pled no contest to that charge. The trial court accepted Mr. Stalnaker's plea, and found him guilty of one count of aggravated vehicular assault, in violation of R.C. 2903.08(A)(1), a third degree felony. The trial court sentenced Mr. Stalnaker accordingly. It is from the decision of the trial court convicting him of one count of aggravated vehicular assault that Mr. Stalnaker now appeals.
 {¶ 5} Mr. Stalnaker timely appealed, asserting one assignment of error.
 II. Assignment of Error
"THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S NO CONTEST PLEA WITHOUT HAVING INFORMED HIM OF THE CONSTITUTIONAL RIGHTS HE WOULD BE WAIVING AND DETERMINING THAT HE WAS KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY WAIVING THOSE RIGHTS."
 {¶ 6} In his sole assignment of error, Mr. Stalnaker avers that the trial court erred in accepting his no contest plea. Specifically, Mr. Stalnaker asserts that the trial court failed to inform him of the constitutional rights enumerated in Crim.R. 11(C)(2)(c),[1] which he would be waiving pursuant to entering a no contest plea; and that the trial court failed to determine that Mr. Stalnaker was knowingly and voluntarily waiving these rights.[2] We agree.
 {¶ 7} It is well settled, that, before accepting a guilty or no contest plea from a defendant, a trial court is required to tell the defendant that he is waiving the constitutional guarantees of the privilege against self-incrimination; the right to a jury trial; the right to confront his or her accusers; and the right of compulsory process of witnesses. State v. Ballard (1981), 66 Ohio St.2d 473, paragraph one of the syllabus; see, also, State v. Anderson (1995), 108 Ohio App.3d 5, 9, citing State v. Abuhilwa (Mar. 29, 1995), 9th Dist. No. 16787. Since a defendant waives important constitutional rights by entering a no contest plea, the plea must be "a voluntary and intelligent choice[.]" State v.Sherrard, 9th Dist. No. 02CA008065, 2003-Ohio-365, at ¶ 6, quotingState v. Sims (May 24, 1995), 9th Dist. Nos. 16841 and 16936. Therefore, in order to make certain that a plea is made knowingly and intelligently, a trial court is required to engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C)(2). Sherrard at ¶ 6, citing State v. Engle (1996), 74 Ohio St.3d 525, 527.
 {¶ 8} With respect to the constitutional rights noted in Crim.R. 11, the Supreme Court of Ohio has articulated a standard of review to determine whether a trial court has satisfied its responsibility to inform the defendant of these rights. Ballard, 66 Ohio St.2d at 478. This test provides, that, if the record shows that the trial court "engaged in a meaningful dialogue with the defendant, which in substance, explained the pertinent constitutional rights `in a manner reasonably intelligible to that defendant[,]'" then the court's acceptance of a guilty plea is to be affirmed. Anderson, 108 Ohio App.3d at 9, quoting Ballard, 66 Ohio St.2d at paragraph two of the syllabus.
 {¶ 9} Although employing the exact language contained in Crim.R. 11(C) is recommended, not doing so does not provide grounds for vacating a plea, as long as the trial court's dialogue with the defendant meets the Ballard standard. Anderson, 108 Ohio App.3d at 9. However, a complete failure on a trial court's part to comply with the requirements of Crim.R. 11 is inherently prejudicial, and does provide possible grounds for vacating a no contest plea. Id. at 10, citing State v. Luhrs (1990),69 Ohio App.3d 731, 735. "[T]he failure to advise the defendant of his constitutionally mandated rights * * * renders the plea constitutionally defective." Ballard, 66 Ohio St.2d at 482, fn. 8, citing People v.Jaworski (1972), 387 Mich. 21, 28-30, 194 N.W.2d 868. A court cannot presume from a silent record that the defendant waived his constitutional rights. Ballard, 66 Ohio St.2d at 477, citing Boykin v. Alabama (1969),395 U.S. 238, 243, 23 L.Ed.2d 274.
 {¶ 10} In the instant case, Mr. Stalnaker maintains that the trial court, prior to accepting his no contest plea, did not inform him that he would be waiving these constitutional rights. Crim.R. 11(C) reads, in pertinent part, as follows:
"(C) Pleas of guilty and no contest in felony cases.
"* * *
"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
"* * *
"(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim.R. 11(C)(2)(c).
 {¶ 11} As an initial matter, we note that Mr. Stalnaker does not question whether the trial court complied with subsections (a) and (b) of Crim.R. 11(C)(2), when conversing Mr. Stalnaker. The transcript of proceedings shows that the following discourse occurred between the trial court and Mr. Stalnaker before the court accepted his no contest plea:
"THE COURT: You understand what has happened so far?
"THE DEFENDANT: Yes, I do.
"THE COURT: You understand what the jury did? They found you guilty on two matters; one, driving under the influence of alcohol and/or drugs. Do you understand that?
"THE DEFENDANT: Yes, I do.
"THE COURT: The other one was a minor misdemeanor of going on the wrong side of the roadway.
"THE DEFENDANT: Yes, I do.
"THE COURT: They couldn't reach a verdict on vehicular assault, aggravated vehicular assault * * * . * * * It's my understanding that you wish to change your plea today; is that correct?
"THE DEFENDANT: Yes, it is.
"THE COURT: How old are you, Mr. Stalnaker?
"THE DEFENDANT: 23.
"THE COURT: How far did you go in school?
"THE DEFENDANT: I got one year of college; completed high school.
"THE COURT: So you do understand English? You read and write it; is that correct?
"THE DEFENDANT: Yes, I do.
"THE COURT: All right. Did anybody make any promises to you about anything in this matter for your changing your plea?
"THE DEFENDANT: No, ma'am.
"THE COURT: Do you understand that when you change your plea, again, if the prosecution gives sufficient evidence to corroborate what had occurred at our last jury trial and the Court would find you guilty, I could sentence you immediately. Do you understand that?
"THE DEFENDANT: Yes, I do.
"THE COURT: All right. And do you understand what the prison sentence would be for a Felony 3, which is what you are charged with right at the present moment?
"THE DEFENDANT: Yes, I do.
"THE COURT: You understand that I could sentence you to one, two, three, four, or five years?
"THE DEFENDANT: Yes, I do.
"THE COURT: You understand that that also carries a fine of $10,000 and that I could also fine you?
"THE DEFENDANT: Yes, I do.
"THE COURT: Understanding that, has anyone made you any promises?
"THE DEFENDANT: No.
"THE COURT: Has anyone coerced you to change your plea from one of not guilty to one of no contest?
"THE DEFENDANT: No, ma'am.
"THE COURT: You're doing this of your own free will?
"THE DEFENDANT: Yes, I am.
"THE COURT: You fully understand what the consequences can be?
"THE DEFENDANT: Yes, ma'am.
"THE COURT: You've had the opportunity to discuss with your lawyer your charges?
"THE DEFENDANT: Yes.
"THE COURT: And you understand them?
"THE DEFENDANT: Yes, I do.
"THE COURT: And you're satisfied with your lawyer's representations?
"THE DEFENDANT: Yes, I am.
"THE COURT: All right. Court will permit you to change your plea. What is your plea, Mr. Stalnaker?
"THE DEFENDANT: No contest."
 {¶ 12} The transcript of the proceedings reveals that the trial court did not inform Mr. Stalnaker of the fact, that, in entering a no contest plea, he was waiving the constitutional rights as enumerated in Crim.R. 11(C)(2)(c). The trial court neither cited these rights during the proceeding, nor explained them in a manner "reasonably intelligible" to Mr. Stalnaker. See Anderson, 108 Ohio App.3d at 9, quoting Ballard, 66 Ohio St.2d at paragraph two of the syllabus.
 {¶ 13} Based upon the foregoing analysis and a review of the record, this Court finds that Mr. Stalnaker was not informed of his constitutional rights as required by Crim.R. 11(C)(2), and that the trial court therefore did not comply with Crim.R.11(C)(2)(c). Consequently, Mr. Stalnaker could not have made a voluntary, knowing and intelligent waiver of these constitutional rights. See Sherrard at ¶ 6. Accordingly, Mr. Stalnaker's sole assignment of error is sustained.
 III. {¶ 14} The judgment of the Summit County Court of Common Pleas is reversed, and remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
Car, P.J., and Whitmore, J. concur.
[1] We note that Mr. Stalnaker mistakenly cites Crim.R. 11(C)(1)(c) in his brief. However, it is clear, in light of Mr. Stalnaker's assignment of error and argument in support, that he intended to cite Crim.R. 11(C)(2)(c).
[2] This Court also notes that the State concedes that the trial court failed to explain to Mr. Stalnaker his constitutional rights in accordance with Crim.R. 11; that Mr. Stalnaker failed to properly waive these rights; and that the instant case must be reversed and remanded to the trial court.