OPINION
{¶ 1} Ryan C. Ward appeals from a judgment of the Montgomery County Court of Common Pleas, which accepted his guilty pleas to three counts of unlawful sexual conduct with a minor and sentenced him accordingly.
 {¶ 2} On June 10, 2004, Ward was indicted on seventeen counts of unlawful sexual conduct with a minor. Ward was age twenty at the time of the alleged offenses, all of which involved the same victim, a fifteen-year-old girl who was purportedly Ward's girlfriend. Ward pled not guilty and requested a competency evaluation. Following a psychiatric evaluation, Ward was found competent to stand trial.
 {¶ 3} On February 18, 2005, Ward agreed to plead guilty to three counts of unlawful sexual conduct with a minor in exchange for the dismissal of the other fourteen counts and the state's recommendation of probation. The trial court accepted the plea. Following a presentence investigation, the trial court sentenced Ward to community control sanctions for a period of five years, subject to numerous conditions including requirements that Ward see a sex offender specialist, not date anyone under the age of eighteen, and have no contact with the victim. Ward was also designated to be a sexually oriented offender, which prohibited him from living within 1,000 feet of a school.
 {¶ 4} After sentencing, Ward filed a motion to be allowed to keep his current residence despite the fact that the residence was within 1,000 feet of a school. Ward stated that he was unemployed and unable to work (he received Social Security Disability payments), that he lived with his father, and that he had not been informed by the court or his attorney that he would be prohibited from living within 1,000 feet of a school as a condition of his sex offender status before entering his plea. It appears that the trial court has not ruled on this motion, but we note that this condition is a statutory requirement set forth at R.C. 2950.031(A), and we question whether the court would have the authority to waive it.
 {¶ 5} Ward raises one assignment of error on appeal.
 {¶ 6} "APPELLANT WAS DENIED HIS RIGHTS PURSUANT TO THE FIFTH,SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, INCLUDING HIS DUE PROCESS RIGHTS, THROUGH THE TRIAL COURT'S NON-COMPLIANCE WITH CRIMINAL RULE 11."
 {¶ 7} Ward claims that the trial court failed to comply with Crim.R. 11(C) in that it did not adequately inform him of his right to compulsory process or adequately address whether he was entering his plea voluntarily and without coercion. Ward also argues that the trial court did not have him enter his plea orally, as contemplated by Crim.R. 11(A).
 {¶ 8} We begin with the argument that Ward did not enter his plea orally.
 {¶ 9} At the plea hearing, the trial court asked Ward whether he wished to change his plea from not guilty to guilty on three counts in the indictment in exchange for the dismissal of the other 14 counts. Ward answered in the affirmative. In our view, this exchange constituted an oral plea. However, even if we were to assume, for the sake of argument, that this exchange was not an oral plea, we would find no violation of Crim R. 11(A). Crim.R. 11(A) states that pleas of not guilty by reason of insanity "shall be made in writing" and that "[a]ll other pleas may be made orally." The rule clearly does not require that a guilty plea be made orally. Ward executed written guilty pleas.
 {¶ 10} Ward also claims that the trial court did not sufficiently inquire into the voluntariness of his plea. Crim.R. 11(C)(2)(a) states, in pertinent part, that the trial court shall not accept a guilty plea without first addressing the defendant and "[d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *."
 {¶ 11} Ward's attorney represented to the court that he had tried to talk Ward out of entering a guilty plea, believing that he had a viable defense to present at trial, but that Ward nonetheless wanted to enter the plea. Shortly after Ward's attorney informed the court that he had tried to talk Ward out of pleading guilty, the court asked Ward, "Is that what you wish to do?" Ward responded, "Yes it is." The court also asked whether Ward was under the influence of any substance that might impair his ability to understand the proceedings, and Ward answered in the negative. Ward's understanding of the charges and possible penalties, the waiver of the right to a jury trial, the right to confront witnesses, and the state's burden of proof were all thoroughly discussed. Although the trial court did not expressly raise the issues of voluntariness or coercion, in our view, the court was able to assess the voluntariness of Ward's plea from the other issues that were discussed, including his decision enter a plea against the advice of counsel. The court found that Ward had "knowingly, intelligently, and voluntarily" waived his rights and chosen to plead guilty. We conclude that the trial court's assessment of the voluntariness of Ward's plea satisfied the requirements of Crim.R. 11(C) and is supported by the record.
 {¶ 12} Finally, Ward argues that the trial court failed to adequately address his right to compulsory process in its Crim.R. 11 colloquy. The court stated that Ward would "be giving up [his] right to have [his] own witnesses come in here and testify for [him]," without specifically mentioning that those witnesses could be compelled by the court to do so. We believe that the trial court's statement was adequate, if less than ideal. The trial court was required to explain Ward's rights in a manner reasonably intelligible to him and was not required to use the exact language contained in Crim.R. 11(C). State v. Anderson
(1995), 108 Ohio App.3d 5, 9, 669 N.E.2d 865, citing State v.Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115, paragraph two of the syllabus. Indeed, the ninth appellate district found inAnderson that a Crim.R. 11 colloquy which did not mention the compulsory nature of the right to call witnesses was sufficient. The advice in Anderson was, "You are giving up your right to call witnesses on your behalf," which is remarkably similar to the above quoted language of the court in this case. We share that court's view, and we conclude that Ward was adequately informed of his right to compulsory process.
 {¶ 13} The assignment of error is overruled.
 {¶ 14} The judgment of the trial court will be affirmed.
Brogan, J. and Fain, J., concur.