DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Bryant Patrick, appeals from his gross sexual imposition conviction in the Wayne County Court of Common Pleas. This Court affirms.
 I {¶ 2} On June 29, 2006, an eleven year old friend of Patrick's daughter stayed overnight in Patrick's home. The friend told her family that, during the night, Patrick came into the bedroom where she was staying, touched her inappropriately, and then laid on top of her. The victim's family reported the incident to the police, who contacted Patrick. Patrick denied any inappropriate contact with the victim. However, Bureau of Criminal Investigation and Identification ("BCI") investigators determined that seminal fluid found on the victim's underwear matched Patrick's DNA.
 {¶ 3} Patrick was indicted for gross sexual imposition pursuant to R.C. 2907.05(A)(4), a third degree felony. He pled not guilty. A trial was scheduled for August 16, 2007. At the *Page 2 
beginning of the hearing, Patrick requested to change his plea from not guilty to no contest. Although Patrick denied having any inappropriate contact with the victim, he confirmed that he wanted to enter a no contest plea. After determining that Patrick understood his constitutional rights and the consequences of a no contest plea, the trial court accepted the plea and found him guilty. Patrick was sentenced to five years in prison and found to be a sexually oriented offender.
 {¶ 4} Patrick timely appeals from his conviction and raises one assignment of error for our review.
 II Assignment of Error "TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY ACCEPTING APPELLANT'S NO CONTEST PLEA WHICH WAS NOT VOLUNTARILY AND KNOWINGLY MADE, AND SHOULD BE VACATED DUE TO APPELLANT'S IN COURT STATEMENTS."
 {¶ 5} In his sole assignment of error, Patrick contends that the trial court erred by accepting his no contest plea when his statements in court suggested that his plea was not voluntary and knowing. We disagree.
 {¶ 6} The basic tenets of due process require that a plea in a criminal case be made "knowingly, intelligently, and voluntarily."State v. Engle (1996), 74 Ohio St.3d 525, 527. "Failure on any of th[e]se points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." Id. A determination of whether a plea is knowing, intelligent, and voluntary is based upon a review of the record. State v. Spates (1992),64 Ohio St.3d 269, 272. If a criminal defendant claims that his guilty plea was not knowingly, voluntarily, and intelligently made, the reviewing court must review the totality of the *Page 3 
circumstances in order to determine whether or not the defendant's claim has merit. State v. Nero (1990), 56 Ohio St.3d 106, 108.
 {¶ 7} It is well settled, that, before accepting a guilty or no contest plea from a defendant, a trial court is required to tell the defendant that he is waiving the constitutional guarantees of the privilege against self-incrimination; the right to a jury trial; the right to confront his or her accusers; and the right of compulsory process of witnesses. State v. Ballard (1981), 66 Ohio St.2d 473, paragraph one of the syllabus; see, also, State v. Anderson (1995),108 Ohio App.3d 5, 8, quoting State v. Abuhilwa (Mar. 29, 1995), 9th Dist. No. 16787, at *2. Since a defendant waives important constitutional rights by entering a no contest plea, the plea must be "`a voluntary and intelligent choice[.]'" State v. Sherrard, 9th Dist. No. 02CA008065, 2003-Ohio-365, at ¶ 6, quoting State v. Sims (May 24, 1995), 9th Dist. Nos. 16841 16936, at *2. Therefore, in order to make certain that a plea is made knowingly and intelligently, a trial court is required to engage in an oral dialogue with the defendant in accordance with Crim. R. 11(C)(2). Sherrard at ¶ 6, citing Engle, 74 Ohio St.3d at 527.
 {¶ 8} Pursuant to Crim. R. 11(C)(2):
 "In felony cases the court * * * shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a *Page 4 
reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 9} "The underlying purpose, from the defendant's perspective, of Crim. R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty." Ballard, 66 Ohio St.2d at 479-80.
 {¶ 10} In determining whether the trial court complied with the constitutional requirements of Crim. R. 11(C)(2), this Court reviews the record and if the record shows that the trial court "engaged in a meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights `in a manner reasonably intelligible to that defendant[,]'" the court's acceptance of the guilty plea should be affirmed. Anderson, 108 Ohio App.3d at 9, quoting Ballard, 66 Ohio St.2d at paragraph two of the syllabus. In the instant matter, this Court finds that the trial court complied with Crim. R. 11(C)(2) in accepting Patrick's no contest plea.
 {¶ 11} In his argument, Patrick notes that by pleading no contest while maintaining his innocence, he essentially entered an "Alford Plea." See North Carolina v. Alford (1970), 400 U.S. 25. InAlford, the defendant pled guilty to the charges against him while nonetheless maintaining his innocence. The Supreme Court noted:
 "Because of the importance of protecting the innocent and of insuring that guilty pleas are a product of free and intelligent choice, various state and federal court decisions properly caution that pleas coupled with claims of innocence should not be accepted unless there is a factual basis for the plea, and until the judge taking the plea has inquired into and sought to resolve the conflict between the waiver of trial and the claim of innocence." (Internal citations omitted.) Alford, 400 U.S. at 38, fn. 10.
Patrick asserts that Alford makes it necessary for the trial court to determine that the defendant, in entering his plea, has made a rational calculation in his best interest, despite maintaining his innocence. However, he contends that this requirement was not met in his case. *Page 5 
 {¶ 12} Patrick argues that, after proclaiming his innocence, the trial court erred in accepting his plea because he did not have a valid or rational reason to plead to the crime. However, the record suggests otherwise. The transcript of Patrick's change of plea hearing demonstrates that his plea was made voluntarily, knowingly, and intelligently. In the following colloquy, the trial court queried Patrick regarding the reasons for his change of plea and ascertained that his decision was a rational calculation made in his best interest:
 "THE COURT: I know you want to end it, but I don't know if — from my standpoint I got a person telling me they didn't do anything wrong and —
 "MR. PATRICK: One thing, Your Honor, is if my DNA was found on this girl I can't say it wasn't mine because it was mine then. If they proved that it was mine, it's mine. I can't say okay it's not mine. So if that's what the DNA is proving then evidently it's mine. I can't get around it any kind of way.
 "* * *
 "THE COURT: * * * So it's your wish to go ahead with this no contest plea?
 "MR. PATRICK: Yes, sir.
 "THE COURT: You understand you're looking at prison?
 "MR. PATRICK: Yes, sir.
 "THE COURT: Why is it you want to get it over with today even though you're saying that you never went into that room?
 "MR. PATRICK: Because this is a big strain on me and my family. And I can't deal with it like that because, I mean, I just want to get this over with. I moved here because something like this had happened to my daughter. * * * I can't sleep. I'm irritated at work. I don't let my kids go outside, you know, without me. I'm just too overprotective now. I just need to get this over and out of my life. My family, you know, they messed up by it too."
 {¶ 13} Although he initially proclaimed his innocence during the proceeding, Patrick admitted that there was no way of avoiding the fact that his DNA matched the DNA found on his victim's underwear. This is tantamount to conceding that even if he maintained his not guilty plea, he would be found guilty at trial. With this realization, Patrick declared his preference to *Page 6 
complete the process quickly because of the strain on his family as well as himself and the adverse effects of that strain. Although he was not provided an incentive from a plea bargaining standpoint, Patrick was motivated to plead no contest by the desire to reduce the strain on his family and himself in the face of an impending finding of guilt.
 {¶ 14} During the hearing, the trial court asked both Patrick and his counsel why Patrick wanted to change his plea. The court cautioned Patrick that in all likelihood, after entering a no contest plea, he would be found guilty. The court verified with Patrick that no promises were made with respect to the length of sentence that Patrick would receive. While Patrick had no way of knowing the length of sentence he would receive, he understood that he could be sentenced for up to a maximum of five years. After the prosecutor provided a statement of facts, the court questioned Patrick where he was in disagreement. When Patrick said he never touched his victim, the court advised Patrick to go forward with a jury trial. Nonetheless, Patrick's counsel reiterated to the court that Patrick did not want a jury trial and that he wanted to end the process.
 {¶ 15} Patrick cites State v. Padgett (1990), 67 Ohio App.3d 332, in support of his argument. In Padgett, the defendant continued to proclaim his innocence while pleading guilty. The Second District concluded:
 "[T]here was an insufficient basis upon which to determine that Padgett's guilty pleas were voluntarily made, because his protestations of innocence during the plea proceedings, unaccompanied by any showing of a rational calculation on his part that it was nevertheless in his best interests to accept the deal offered by the state, fail to portray the existence of a knowing and intelligent waiver of rights on his part." Padgett, 67 Ohio App.3d at 334.
 {¶ 16} However, Padgett may be distinguished from the instant case in that "there was no discussion with Padgett concerning the sincerity of his protestations of innocence, or his reasons for pleading guilty notwithstanding his protestations of innocence." Id. at 339. In *Page 7 
contrast, when Patrick denied his guilt, the trial court not only discussed with Patrick his rationale for changing his plea, but encouraged Patrick to pursue a jury trial to no avail. We conclude, therefore, that the trial court engaged Patrick in the necessary dialogue to determine that Patrick's no contest plea was the result of a rational calculation on his part.
 {¶ 17} Further, the record reflects that the trial court met the other requirements of Crim. R. 11(C)(2) before accepting Patrick's no contest plea. Upon learning of Patrick's desire to change his plea, the court described the nature of a no contest plea and indicated that Patrick in all likelihood would be found guilty. The court then indicated that Patrick could be sentenced up to five years in prison. The court verified that Patrick had received no promises in exchange for his no contest plea. Patrick was reminded by the court that he had a right to a jury trial and a right to make the prosecutor prove the case against him beyond a reasonable doubt. The court informed Patrick that he had a right to confront witnesses testifying against him as well as the right to present witnesses on his own behalf. Finally, the court informed Patrick of his right to remain silent. Patrick acknowledged that he understood all of these rights, yet affirmed that he wished to waive them and plead no contest.
 {¶ 18} "An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." Alford, 400 U.S. at 37. Given Patrick's acknowledgment of the DNA evidence against him, his insistence upon his desire to plead no contest despite his awareness of the likely consequences, and his stated desire to reduce the strain on his family as well as himself, the totality of the circumstances indicates that Patrick's no contest plea was knowingly, voluntarily, and intelligently made. As such, Patrick's sole assignment of error is overruled. *Page 8 
 III {¶ 19} Patrick's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 MOORE, P. J., DICKINSON, J., CONCUR. *Page 1