[Cite as *State v. Jefferson*, 2011-Ohio-4951.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95949**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KENNETH JEFFERSON

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-527427

**BEFORE:**   Stewart, P.J., Cooney, J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   September 29, 2011

**ATTORNEY FOR APPELLANT**

Joseph V. Pagano
P.O. Box 16869
Rocky River, OH    44116


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Kristen M. Karkutt
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH    44113


MELODY J. STEWART, P.J.:

{¶ 1}   Defendant-appellant, Kenneth Jefferson, appeals from his convictions for theft, vandalism, and breaking and entering.   Jefferson alleges that his guilty pleas were not knowingly, voluntarily, or intelligently made since he was not informed that the pleas and subsequent convictions could be used as evidence in another pending case.

{¶ 2}   On August 31, 2009, Jefferson was indicted in CR-527427 and charged with two counts of breaking and entering, two counts of theft, vandalism, possession of criminal tools, and criminal damaging or endangering.   Jefferson initially pled not guilty to the indictment, but later retracted those pleas and, on December 2, 2009,   entered guilty pleas to theft, vandalism, and breaking and entering.   On January 5, 2010, he was

sentenced to two years of community control under the supervision of the adult probation department.

{¶ 3} On February 23, 2010, Jefferson was indicted in CR-533590 and charged with breaking and entering, theft, vandalism, and possession of criminal tools. In this case, he entered pleas of not guilty and proceeded to a jury trial. At trial, the state in its case-in-chief introduced evidence of Jefferson's previous convictions as proof of prior acts pursuant to Evid.R. 404(B) and he was subsequently found guilty of all charges.[1] A hearing was held on August 5, 2010, for sentencing in the second case and also to address alleged probation violations related to CR-527427. The trial court terminated Jefferson's community control sanctions and sentenced him to one year of incarceration.

{¶ 4} Jefferson complains that he was unaware of the effect and potential consequences of his guilty pleas, and contends that Crim.R. 11(C)(2)(b) makes it imperative for the trial court to advise him that the resulting convictions could be used in other pending cases to convict him of similar offenses. He notes that the record is barren of such compulsory advisement, and therefore, his constitutional guarantees to due process have been violated since he could not have possibly knowingly, intelligently, or voluntarily entered his pleas of guilt.

{¶ 5} In order to determine whether a guilty plea to criminal charges is made knowingly, intelligently, and voluntarily, a reviewing court must examine the totality of circumstances from the record to determine if an appellant's claim has merit. *State v.*

---

[1] This case was also on appeal and argument was held the same day, Appeal No. 95950.

*Spates*, 64 Ohio St.3d 269, 272, 1992-Ohio-130, 595 N.E.2d 351; *State v. Nero* (1990), 56 Ohio St.3d 106,108, 564 N.E.2d 474. It is imperative that a guilty plea be made knowingly, intelligently, and voluntarily, because a deficiency on any of these conditions "renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450.

{¶ 6} The constitutional rights that a defendant relinquishes when entering a plea of guilty are set forth in Crim.R. 11(C)(2), which requires a trial court to engage "in a meaningful dialogue with the defendant which, in substance, [explains] the pertinent constitutional rights 'in a manner reasonably intelligible to that defendant.'" *State v. Anderson* (1995), 108 Ohio App.3d 5, 9, 669 N.E.2d 865, quoting *State v. Ballard* (1981), 66 Ohio St.2d 473, 423 N.E.2d 115, paragraph two of the syllabus. The trial court's plea colloquy must include "[i]nforming the defendant of and determining that the defendant understands the effect of the plea of guilty ***."

{¶ 7} "As a general rule, evidence of previous or subsequent criminal acts, wholly independent of the criminal offense for which a defendant is on trial, is inadmissible." *State v. Thompson* (1981), 66 Ohio St.2d 496, 497, 422 N.E.2d 855. While evidence of other crimes, wrongs, or acts committed by a defendant is not admissible to demonstrate that the defendant is predisposed to commit a crime, "it may, however, be admissible for other purposes." Evid.R. 404(B).

**{¶ 8}** In this instance, an examination of the record containing Jefferson's colloquy with the trial court reveals that the court in every respect did in fact comply with the requirements of Crim.R. 11. Moreover, the indictment that resulted in Jefferson's incarceration was issued on February 23, 2010, more than ten weeks after he entered his guilty pleas in the case from which he appeals. The court had no responsibility to explain to Jefferson the potential effect of guilty pleas in subsequent potential cases. Therefore, Jefferson entered his guilty pleas knowingly, voluntarily, and intelligently. His sole assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MELODY J. STEWART, PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
KENNETH A. ROCCO, J., CONCUR