DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Lawrence County Common Pleas Court judgment of conviction and sentence. The trial court found that Didrie Stapleton, defendant below and appellant herein, violated the terms of her previously-imposed community control sanctions and sentenced her to a four year prison term.
 {¶ 2} Appellant raises the following assignments of error for review:
 {¶ 3} First Assignment of Error:
 {¶ 4} "The trial court erred in imposing a sentence on the defendant that was contrary to felony sentencing guidelines by failing to impose the shortest required prison term where there was no finding that such sentence would demean the seriousness of the offense or not adequately protect the public."
 {¶ 5} Second Assignment of Error:
 {¶ 6} "The trial court denied the defendant due process rights guaranteed by both the ohio and United States Constitutions by notifying defendant's counsel of a pre-trial on august 20, 2003 and proceeding with a final hearing on that day despite defense counsel's request for time to prepare for said hearing."
 {¶ 7} On October 4, 2002, appellant was convicted of complicity to aggravated trafficking in drugs. The trial court imposed three years of community control sanctions. The court advised appellant that if she did not comply with the community control sanctions, she would receive a four year prison term.
 {¶ 8} On August 13, 2003, the state filed a motion to revoke appellant's community control. At an August 20, 2003 hearing, appellant's counsel claimed that he received a notice indicating that the hearing was for a "pre-trial." The court stated: "I show it as a probation violation. That was what we discussed a week ago, that the hearing would be today. I don't know about a letter having been sent out as a pre-trial." Appellant's counsel showed the court a notice stating that the matter had been set for a pre-trial. The court stated: "Well, that would be a mistake by staff. And since it was discussed in open court as the hearing for today, I'm going to have the hearing. That's what it was discussed when [appellant] was here last week, along with defense counsel and Prosecuting Attorney." Appellant's counsel did not further object. The court thus held a hearing to determine whether appellant violated her community control provisions.
 {¶ 9} Subsequently, the court found that appellant violated the provisions of her community control and sentenced her to four years in prison. In sentencing appellant, the court stated:
"I would find under 2929.13(B)(1) that this offense early on was part of organized criminal activity. I would find that the violations obviously occurred under Community Control Sanctions. I've weighed the seriousness and recidivism factors. I find prison is consistent with the principles and purposes. The offender is no longer amenable to any available Community Control Sanctions.
"I'm going to find that the offender committed the worst forms of the violations in this case with the multiple violations. I would find that you pose the greatest likelihood of committing future crimes."
 {¶ 10} Appellant filed a timely notice of appeal.
 I {¶ 11} In her first assignment of error, appellant argues that the trial court erred by sentencing her to four years imprisonment for violating her community control conditions when the court failed to make requisite statutory findings. Specifically, appellant claims that the court failed to find either that the shortest prison term would demean the seriousness of the offense or that the shortest term would not adequately protect the public.
 {¶ 12} When an appellate court reviews a trial court's sentencing decision, a reviewing court may not modify or vacate the sentence unless the court "clearly and convincingly" finds that: (1) the sentence is not supported by the record; (2) the trial court imposed a prison term without following the appropriate statutory procedures; or (3) the sentence imposed was contrary to law. R.C. 2953.08(G); Griffin Katz, Ohio Felony Sentencing Law (1998 Ed.) 495, Section 9.16.
 {¶ 13} Although a trial court generally possesses discretion when sentencing an offender, a trial court must not disregard the statutory principles, procedures, presumptions, and factors. See, e.g., R.C. 2929.12(A); State v. Persons (Apr. 26, 1999), Washington App. No. 98 CA 19, unreported. As we noted inPersons, an appellate court's review of a trial court's sentencing decision is no longer conducted pursuant to the traditional "abuse of discretion" standard. See Griffin Katz 495, Section 9.16 ("Judicial discretion is now greatly circumscribed. The sentencing act provisions significantly limit and channel the exercise of discretion through statutory guidelines in the form of purposes, principles, factors, and presumptions."). Rather, by providing statutory standards for the exercise of discretion, the Ohio General Assembly has now defined what constitutes an "abuse of discretion." See Persons, supra, n. 3 (citing Griffin Katz 495, Section 9.16).
 {¶ 14} Thus, a sentencing court abuses its discretion when the court fails to appropriately consider the "purposes, array of principles, factors, and presumptions," detailed throughout R.C.2929.11 through R.C. 2929.20. Griffin Katz 495, Section 9.16; see, also, Persons, supra. In determining whether a sentencing court properly exercised its discretion, a reviewing court should examine the record to ascertain whether the trial court: (1) considered the statutory factors; (2) made the required findings; (3) relied on substantial evidence in the record to support its findings; and (4) properly applied the statutory guidelines. See, e.g., State v. Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11.
 {¶ 15} Pursuant to R.C. 2929.15(B), if an offender violates the conditions of community control sanctions, the court may: (1) impose a "longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section," (2) "impose a more restrictive sanction," or (3) "impose a prison term on the offender pursuant to section 2929.14 of the Revised Code." We note that appellant was convicted of complicity to aggravated trafficking in drugs, a third degree felony. R.C. 2929.14(A)(3) authorizes a trial court to impose a one to five year prison term for a third degree felony.
 {¶ 16} Once a trial court elects to impose a prison sentence, it must then turn to R.C. 2929.14 to determine the length of the sentence. Under R.C. 2929.14(B), courts presume the shortest authorized prison term is appropriate if the offender has not previously served a prison term. R.C. 2929.14(B); see, also,State v. Edmonson (1999), 86 Ohio St.3d 324, 325,715 N.E.2d 131. However, the trial court may impose a longer sentence if it finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime. R.C. 2929.14(B)(2);Edmonson, supra; see, also, State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473. The trial court is not required to give specific reasons for finding that the minimum prison term is inappropriate. Edmonson, syllabus. But, it must note on the record that it engaged in the analysis required under R.C. 2929.14(B) and that it varied from the minimum sentence for at least one of the two sanctioned reasons. Id. at 326.
 {¶ 17} In the case at bar, nothing in the sentencing hearing transcript shows whether the trial court considered R.C.2929.14(B) prior to imposing a non-minimum sentence. The trial court did not explicitly state that the shortest prison term would demean the seriousness of the appellant's conduct or would not adequately protect the public from future crime. We note that the court did consider R.C. 2929.14(C), which governs when a trial court may impose the maximum sentence.[1] The court found that appellant "committed the worst form of the violations" and that she poses "the greatest likelihood of committing future crimes." Curiously, the trial court did not impose the maximum sentence upon appellant. We believe, however, that although the trial court failed to expressly consider R.C. 2929.14(B) before imposing a non-minimum sentence upon appellant, the trial court's findings regarding R.C. 2929.14(C) support the imposition of a non-minimum sentence.
 {¶ 18} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 II {¶ 19} In her second assignment of error, appellant asserts that the trial court denied her due process of law when it held a final hearing regarding the community control violations after appellant's counsel alleged that he believed a pre-trial hearing would be held on that date. Appellant contends that the court should have continued the matter to allow her to prepare an adequate defense.
 {¶ 20} Initially, we note that the decision regarding a motion to continue is left to the "broad, sound discretion" of the trial court. State v. Unger (1981), 67 Ohio St.2d 65, 67,423 N.E.2d 1078; see, also, State v. Lorraine (1993),66 Ohio St.3d 414, 423, 613 N.E.2d 212. Consequently, absent an abuse of discretion, a reviewing court will not disturb the trial court's decision. The term "abuse of discretion" connotes more than an error of law or of judgment. Rather, the term implies that the court's attitude is unreasonable, arbitrary or unconscionable. See, e.g., State v. Montgomery (1991), 61 Ohio St.3d 410, 413,575 N.E.2d 167. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. See, e.g., Savage v. Correlated Health Serv., Ltd.
(1992), 64 Ohio St.3d 42, 55, 591 N.E.2d 1216.
 {¶ 21} "`There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.'" Ungar,376 U.S. at 589. In ruling on a motion for a continuance, considerations such as the court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice should be weighed against potential prejudice to the defendant. Unger,67 Ohio St.2d at 67, citing Ungar v. Sarafite (1964),376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921. A court may also consider: (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconvenience to litigants, witnesses, opposing counsel and the court; (4) whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; (5) whether the defendant contributed to the circumstance which gives rise to the request for a continuance. See State v. Claytor (1991),61 Ohio St.3d 234, 574 N.E.2d 472; State v. Holmes (1987),36 Ohio App.3d 44, 521 N.E.2d 479.
 {¶ 22} In the case at bar, we do not believe that the trial court abused its discretion by proceeding to hold the community control violation hearing, despite appellant's counsel's protest that he did not have adequate notice. The court noted that it had orally discussed with counsel the subject or purpose of the hearing in question, that the hearing would occur on August 20, 2003, and that the written entry to the contrary constituted a clerical error. Moreover, appellant has not shown any prejudice.
 {¶ 23} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error and affirm the trial court's judgment.
Judgment affirmed.
Kline, P.J., concurs in judgment and opinion.
Evans, J., not participating.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] R.C. 2929.14(C) prohibits a trial court from imposing the maximum term of imprisonment for an offense unless the trial court determines that the offender falls into one of four classifications. See State v. Garrie, Washington App. No. 01CA21, 2002-Ohio-5788; State v. Riggs (Sept. 13, 1999), Washington App. No. 98CA39; State v. Holsinger (Nov. 20, 1998), Pike App. No. 97CA605. Maximum sentences are reserved for those offenders who: (1) have committed the worst forms of the offense; (2) pose the greatest likelihood of committing future crimes; (3) certain major drug offenders; and (4) certain repeat violent offenders. See R.C. 2929.14(C).