DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Ayesha Vanna Holt, appeals from her conviction and sentence in the Summit County Court of Common Pleas. We affirm.
 I. {¶ 2} On March 24, 2003, the Summit County Grand Jury indicted Ms. Holt of one count of retaliation, in violation of R.C. 2921.05, a third degree felony, and one count of disorderly conduct, in violation of 2917.11(A)(1), a fourth degree misdemeanor. These charges arose out of an incident that occurred on March 14, 2003, when Ms. Holt verbally threatened and physically attempted to attack a crime victim-witness during courtroom proceedings involving her brother in the Summit County Court of Common Pleas, and subsequently resisted arrest by a deputy. One of the deputies that attempted to restrain Ms. Holt sustained lower back and hand injuries as a result of this altercation.
 {¶ 3} Ms. Holt initially pled not guilty to both offenses. On September 29, 2003, Ms. Holt retracted her formerly entered not guilty plea, and entered a plea of guilty with respect to the retaliation charge, pursuant to plea negotiations. The trial court accepted Ms. Holt's guilty plea, and, pursuant to a motion made by the State, dismissed the disorderly conduct charge.
 {¶ 4} At the sentencing hearing held on November 3, 2003, the trial court sentenced Ms. Holt to a one-year prison term. This appeal followed.
 {¶ 5} Ms. Holt timely appealed, asserting two assignments of error for review.
 II. A. First Assignment of Error
"The trial court erred in accepting appellant's guilty plea as appellant's waiver of her constitutional rights was not a knowlingly, voluntarily, and intelligently [sic.] waiver."
 {¶ 6} In her first assignment of error, Ms. Holt asserts that the trial court erred in accepting her guilty plea, claiming that she did not make a knowing, voluntary, and intelligent waiver of the constitutional rights specified in Crim.R. 11(C). Specifically, Ms. Holt contends that the trial court did not engage in a meaningful dialogue with her in the recitation of her constitutional rights, in that the recitation was "compounded and complicated." We disagree.
 {¶ 7} Crim.R. 11(C)(2) mandates that the trial court refuse to accept a guilty plea without first addressing the defendant personally, and also determining: (a) whether the defendant's plea was voluntary; (b) whether the defendant understood the effects of the guilty plea at the time that he entered it; and (c) whether the defendant, at the time that he entered his guilty plea, understood that by entering the plea he was waiving his constitutional rights. Crim.R. 11 plays an important function, in that it
"`remedies the problems inherent in a subjective judgment by the trial court as to whether a defendant has intelligently and voluntarily waived his constitutional rights and ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.'" State v. Rebman (June 11, 1997), 9th Dist. No. 96CA006520, quoting State v. Stone (1975),43 Ohio St.2d 163, 167-68.
 {¶ 8} It is well settled, that, before accepting a guilty plea from a defendant in a felony case, a trial court is required to tell the defendant that he is waiving the constitutional guarantees of the privilege against self-incrimination; the right to a jury trial; the right to confront his or her accusers; and the right of compulsory process of witnesses. Crim.R. 11(C)(2)(c); State v. Ballard (1981), 66 Ohio St.2d 473, paragraph one of the syllabus. See, also, State v. Anderson
(1995), 108 Ohio App.3d 5, 8, citing State v. Abuhilwa (Mar. 29, 1995), 9th Dist. No. 16787. In order to make certain that a plea is made knowingly and intelligently, a trial court is required to engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C)(2). State v. Sherrard, 9th Dist. No. 02CA008065, 2003-Ohio-365, at ¶ 6, citing State v. Engle,74 Ohio St.3d 525, 527, 1996-Ohio-179.
 {¶ 9} With respect to the constitutional rights noted in Crim.R. 11, the Supreme Court of Ohio has articulated a standard of review to determine whether a trial court has satisfied its responsibility to inform the defendant of these rights.Ballard, 66 Ohio St.2d at 478-79. This test provides, that, if the record shows that the trial court "engaged in a meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights `in a manner reasonably intelligible to that defendant[,]'" then the court's acceptance of a guilty plea is to be affirmed. Anderson,108 Ohio App.3d at 9, quoting Ballard, 66 Ohio St.2d at paragraph two of the syllabus.
 {¶ 10} "[T]he failure to advise the defendant of his constitutionally mandated rights * * * renders the plea constitutionally defective." Ballard, 66 Ohio St.2d at 482, fn. 8, citing People v. Jaworski (1972), 387 Mich. 21, 28-30,194 N.W.2d 868; State v. Thomas (1990), 67 Ohio App.3d 127, 132. Although employing the exact language contained in Crim.R. 11(C) is recommended, not doing so does not provide grounds for vacating a plea, so long as the trial court's dialogue with the defendant meets the Ballard standard. Anderson,108 Ohio App.3d at 9.
 {¶ 11} Furthermore, while it is recommended that a trial judge stop after naming each constitutional right and ask if the defendant understands that right, the failure to do so will not necessarily invalidate a plea. Ballard,66 Ohio St.2d at 479-80. See, also, State v. Brown (Apr. 16, 1998), 8th Dist. No. 71786. "The underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty." Ballard,66 Ohio St.2d at 479-80.
 {¶ 12} In the instant case, the trial judge asked Ms. Holt whether she was prepared to withdraw her not guilty plea and enter a plea of guilty to the charge of retaliation. The following discourse occurred between the court and Ms. Holt:
"THE COURT: Now, you've heard the statements of your lawyer. He's indicated you're prepared today to withdraw your former plea of not guilty and enter a plea of guilty to the charge of retaliation, a felony of the third degree; is that correct?
"THE DEFENDANT: Yes.
"THE COURT: Now, you understand if I accept a plea of guilty to that charge, there will be no further proceedings in this court; most importantly, there will be no trial, because if you tell me you're guilty you give up your right to a trial to this Court or to a jury. Do you understand that?
"THE DEFENDANT: Yes.
"THE COURT: Now, by giving up your right to trial, you also give up your right to have these charges proven beyond a reasonable doubt; you give up your right to cross-examine witnesses who would be called against you at trial; and you give up your right to call your own witnesses, subpoena them if necessary, compel them to come forward and testify for you. And you give up your right to testify yourself; to give your side of the situation and present any defenses that you believe you have. But while you have a right to testify, no one can force you to testify at your own trial. And if you would decide not to, that's your choice, and it cannot be used against you. Do you understand these rights?
"THE DEFENDANT: Yes.
"THE COURT: If you had gone to trial and been found guilty, you'd have a right of appeal. But if I accept this plea there are certain appellate rights that you give up. Do you understand that?
"THE DEFENDANT: Yes, I do."
The court then accepted Ms. Holt's guilty plea and expressly found that she made the plea knowingly, intelligently, and voluntarily.
 {¶ 13} This colloquy between the trial court and Ms. Holt demonstrates that the trial court complied with Crim. R. 11(C)(2)(c) and informed Ms. Holt that she would be waiving her right to a jury trial, her right to compulsory process of witnesses, her privilege against self-incrimination, and her right to confront her accusers. Ms. Holt answered affirmatively to each question posed by the court as to whether she understood the ramifications of her guilty plea. The fact that the trial court only separately addressed the waiver of her right to a jury trial does not render her entrance of this guilty plea invalid. See Ballard, 66 Ohio St.2d at 479.
 {¶ 14} Based upon the foregoing analysis and a review of the record, this Court concludes that the trial court did engage in a meaningful dialogue with Ms. Holt, and did communicate the waiver of her constitutional rights in a reasonably intelligible manner. See Anderson, 108 Ohio App.3d at 9; Ballard, 66 Ohio St.2d at paragraph two of the syllabus. Thus, we conclude that the trial court complied with Crim.R.11(C)(2)(c) when accepting Ms. Holt's guilty plea on the retaliation charge, and that Ms. Holt made a voluntary, knowing, and intelligent waiver of the constitutional rights. See Sherrard at ¶ 6. Therefore, we find that the trial court did not err when it accepted Ms. Holt's guilty plea. Accordingly, Ms. Holt's first assignment of error is overruled.
 B. Second Assignment of Error
"The trial court erred in sentencing appellant to a prison term as it was not supported by the record and contrary [sic.] TO R.C. § 2929.13 (C) and § 2929.11."
 {¶ 15} In her second assignment of error, Ms. Holt asserts that the trial court erred in sentencing Ms. Holt to one year of imprisonment, contending that this sentence term is not supported by the record and is contrary to law. We disagree.
 {¶ 16} In this case, Ms. Holt argues that the record does not reflect that the imposition of the one-year prison term complies with the overriding purposes of felony sentencing as set forth in R.C. 2929.11. She contends that the trial court did not articulate specific reasons for the necessity of a prison term in this case. Ms. Holt also argues that the circumstances surrounding the retaliation incident were such that the offense would not likely be repeated; that at the time of this incident she was under stress from her pregnancy and certain medical complications; that she lacked a prior felony record at the time of this offense; and that she showed remorse for her actions at the sentencing hearing. Ms. Holt asserts that these circumstances do not support the conclusions that she is a threat, that she is at risk of committing a future crime, or that the public needs to be protected from her.
 {¶ 17} An appellate court may remand a matter on appeal for re-sentencing if it clearly and convincingly finds that the court's findings are unsupported by the record, or that the sentence imposed by the trial court is otherwise contrary to law. R.C. 2953.08(G)(2). Clear and convincing evidence is evidence "which will produce * * * a firm belief or conviction as to the allegations sought to be established." State v. Eppinger,91 Ohio St.3d 158, 164, 2001-Ohio-247, quoting Cross v. Ledford
(1954), 161 Ohio St. 469, 477.
 {¶ 18} The applicable record to be reviewed by the appellate court shall include the following: (1) the pre-sentence investigative report; (2) the trial court record in the case in which the sentence was imposed; and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. R.C. 2953.08(F).
 {¶ 19} In the instant case, the trial court ordered a pre-sentence investigation with a victim impact statement. At the sentencing hearing, the court stated that it reviewed Ms. Holt's prior juvenile and adult records, as well as a report regarding the injuries that that the deputy had sustained during the attempt to restrain Ms. Holt during her brother's trial. However, our review of the record in this case reveals that neither the investigative report or the victim impact statement, or other documentation regarding her prior record or the deputy's injuries in this case, are part of the record on appeal. Pursuant to App.R. 9 and Loc.R. 5, an appellant bears the burden to ensure that the record necessary to determine the appeal is before the appellate court. App.R. 9(B); Loc.R. 5(A). State v. McCowan,
9th Dist. No. 02CA008124, 2003-Ohio-1797, at ¶ 6, citing Statev. Williams (1995), 73 Ohio St.3d 153, 160. If the record is incomplete, an appellate court must presume that the trial court acted with regularity and with sufficient evidence to support its findings. McCowan at ¶ 6, citing State v. Miller (June 7, 2000), 9th Dist. No. 19810. Thus, in this case, we must presume the regularity of the trial court's imposition of the one-year sentence based upon the record before it, and therefore find that Ms. Holt's one-year prison sentence is supported by the record.
 {¶ 20} Ms. Holt also argues that the sentence is contrary to law. Ms. Holt pled guilty to one count of retaliation, a third degree felony, and the trial court sentenced her to one year of imprisonment, the minimum sentence for a third degree felony. See R.C. 2929.14(A)(3). When imposing a sentence for a third degree felony, a court must comply with R.C. 2929.11 and 2929.12. R.C.2929.13(C). R.C. 2929.11 sets forth the purposes of felony sentencing:
"(A) * * * The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
"(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
While R.C. 2929.11 does set forth guidelines and principles for felony sentencing, this statute section does not require findings; rather, these guidelines and principles are merely objectives for courts to achieve. State v. Quine, 9th Dist. No. 20968, 2002-Ohio-6987, at ¶ 11, citing State v. Bolton, 8th Dist. No. 80263, 2002-Ohio-4571, at ¶ 20.
 {¶ 21} Pursuant to R.C. 2929.12, a trial court has the discretion to determine the most effective way to comply with the purposes and principles enumerated in R.C. 2929.11. R.C.2929.12(A); Quine at ¶ 14. However, this discretion is limited by any applicable factors listed in R.C. 2919.12(B) and (C), which deal with the seriousness of the offender's conduct, and the factors in R.C. 2929.12(D) and (E), which concern the likelihood of the offender's recidivism. R.C. 2929.12(A); Quine
at ¶ 14. R.C. 2929.12(A) also provides that the trial court may consider "any other factors that are relevant to achieving those purposes and principles of sentencing." (Emphasis added.)
 {¶ 22} After the trial court has considered the factors in R.C. 2929.12, the court must then consider the provisions of R.C.2929.13. R.C. 2929.13 guides the sentencing court in determining whether a mandatory prison sentence is required, or whether a rebuttable presumption exists in favor of imprisonment or a disposition against a prison term is applicable to the case.Quine at ¶ 14.
 {¶ 23} At the sentencing hearing, Ms. Holt apologized to the court for her actions at her brother's trial, and stated that such an incident would not recur. The court then addressed Ms. Holt as follows:
"THE COURT: This Court has considered the record. It's obvious that you have a serious problem with authority, based on the juvenile record and adult record that I can see.
"I can also tell you this, irrespective of your emotional responses, this Court and the community will not tolerate this kind of conduct.
"This Court finds that it is of serious impact on the administration of justice; that it constitutes conduct that placed at risk not only the intended victim in this case, but all of the individuals who were in the vicinity; and, certainly, the officers called upon to restrain you, one of whom, as I have also received this report, had some lower back injury and a minor hand injury.
"I think that it's a miracle there wasn't more serious injury as a result of your conduct.
"Based on the facts and circumstances, the Court imposes a sentence of one year in the state penal system."
The court's comments at the sentencing hearing note the seriousness of Ms. Holt's conduct, and the physical harm that occurred to the deputy.[1]
 {¶ 24} In the sentencing journal entry, the trial court specified that it considered the sentencing principles and purposes under R.C. 2929.11, as well as the seriousness and recidivism factors under R.C. 2929.12. The journal entry also noted the court's findings in the case pursuant to R.C. 2929.13. The court also found that Ms. Holt had a juvenile and adult criminal record, and that any lesser sentence would demean the seriousness of the offense.
 {¶ 25} In light of the particular circumstances of this case that were considered by the trial court, as well as the discretion afforded to a trial court in such cases, we determine that the trial court complied with the statutory requirements set forth in R.C. 2929.11, 2929.12, and 2929.13. See R.C. 2929.12(A);Quine at ¶ 14. As such, we conclude that the court's imposition of a one-year prison sentence in this case is not contrary to law. See R.C. 2953.08(G)(2); R.C. 2929.12(A). Therefore, this Court finds that the trial court did not err when it sentenced Ms. Holt to one year of imprisonment. Accordingly, Ms. Holt's second assignment of error is overruled.
 III. {¶ 26} Ms. Holt's first and second assignments of error are overruled. Ms. Holt's conviction and sentence in the Summit County Court of Common Pleas are affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Baird, J. concur.
[1] See R.C. 2929.12(B)(2).