DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Shawn R. Marshall, appeals from the decision of the Summit County Court of Common Pleas which sentenced him to a total sentence of sixteen years following a guilty plea. We affirm.
 {¶ 2} On December 20, 2003, Defendant pleaded guilty to one count of rape, in violation of R.C. 2907.02(A)(2), one count of kidnapping, in violation of R.C. 2905.01(A)(4), and one count of violating the terms of Community Control from a prior conviction of domestic violence, in violation of R.C. 2919.25. The court sentenced Defendant to eight years imprisonment each for the rape and kidnapping convictions, to run consecutively. Defendant timely appealed that sentence, raising three assignments of error for our review. For ease of discussion we will address the second assignment of error first.
 ASSIGNMENT OF ERROR II
"Whether the trial court properly found that the rape and kidnapping charges, allied offenses of similar import, were committed separately or with a separate animus, and thus could impose consecutive sentences?"
 {¶ 3} In his second assignment of error, Defendant argues that the trial court erred in failing to merge the rape and kidnapping charges. Defendant analyzes the law in this area and asserts that the factors necessary to support a finding that the acts were committed separately or with a separate animus are lacking. Specifically, Defendant asserts that the restraint and movement of the victim in this case were completely incidental to the accompanying rape. We find Defendant's assertions meritless.
Under R.C. 2941.25(A):
"Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."
However, even if the acts were allied offenses of similar import under this statute, a defendant may be convicted of both offenses where there is a separate animus supporting each act, especially when restraint is prolonged or confinement of the victim is secretive. State v. Logan (1979), 60 Ohio St.2d 126, paragraph one of the syllabus. See, also, R.C. 2941.25(B).
 {¶ 4} Undisputed testimony at the sentencing hearing revealed that Defendant, in contravention of a court order, was present at an apartment where the victim, a Summit County Children Services Board employee, went in order to discuss a case plan with the mother of Defendant's child. When the victim tried to leave:
"[Defendant] grabbed the victim around the throat and pinned her arm behind her back as she was leaving or attempting to leave the home. [Defendant] forced her into the living room and forced her onto his lap. [Defendant] made her stand up and forced her to yet another room, that being the dining room. [Defendant] ordered her to read out loud his suicide note. Also while holding her by the throat and holding her arm behind her back, [Defendant] forced the victim back again into the living room.
"When the victim activated the remote alarm on her car, [Defendant] grabbed the top of her head with one hand and her throat with another hand and threatened to kill her by snapping her neck. [Defendant] threw the victim on a mattress in the living room so hard that she hurt her head. [Defendant] got on top of her and forced her to remove her sweater.
"[Defendant] placed both hands around the victim's throat and pressed so hard that the victim believed she was going to pass out. And while pinning her down and choking her, [Defendant] forcefully raped the victim."
Defendant made no effort to rebut these statements.
 {¶ 5} After reviewing the facts in the record before us, we agree that the prolonged restraint, secretive nature of the victim's confinement, and extensive movement of the victim within the residence (including the forced reading of a suicide note), are sufficient to show that the acts were committed separately or with a separate animus. The act of forcing the victim into the dining room to read a suicide note simply is not incidental to rape. The trial court, therefore, could properly sentence Defendant on both convictions. See State v. Lynch,98 Ohio St.3d 514, 2003-Ohio-2284, at ¶ 134, citing State v. Logan
(1976), 60 Ohio St.2d 126, 135. We overrule Defendant's second assignment of error.
 ASSIGNMENT OF ERROR I
"Whether the trial court's sentence was contrary to law since it did not take into account fundamental sentencing principles, express sentencing criteria, or make findings pursuant to [R.C.] 2929.14(B)?"
 {¶ 6} In his first assignment of error, Defendant argues that the trial court erred in failing to make required sentencing findings under R.C. 2929.14 regarding imposition of more-than-minimum sentences. Defendant further asserts that the trial court erred by failing to take into account sentencing principles and guidelines. We disagree.
 {¶ 7} When sentencing a defendant, a court is guided by certain guidelines and principles. See R.C. 2929.11(A). The court, however, need not make any findings pertaining to those underlying guidelines and principles. State v. Holt, 9th Dist. No. 21835, 2004-Ohio-3252, at ¶ 20. On the other hand, the court must make certain findings when deviating from a minimum sentence:
"[T]he court shall impose the shortest prison term authorized for the offense * * * unless * * * [t]he court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender[.]" R.C. 2929.14(B)(2).
The record should indicate that the judge considered imposition of the minimum sentence yet still decided to deviate from that sentence based upon one of the enumerated rationales. State v.Jones (2001), 93 Ohio St.3d 391, 398, citing State v. Edmonson
(1999), 86 Ohio St.3d 324, 328.
 {¶ 8} In the case at bar, the court stated that:
"In imposing this sentence, the Court basically has taken into consideration the physical and psychological harm caused to the victim in this vicious act. The Court is satisfied that this sentence is necessary to protect the public * * * from this particular Defendant."
The court further indicated that "any sentence shorter than the 16 years the Court would impose would demean the seriousness of the conduct committed by [Defendant]." The court made the necessary findings under R.C. 2929.14(B) regarding imposition of a more-than-minimum sentence. It need not state its reasons supporting these findings. Edmonson, 86 Ohio St.3d at 326. Accordingly, we overrule Defendant's first assignment of error.
 ASSIGNMENT OF ERROR III
"Whether the trial court properly imposed non-mandatory consecutive sentences under [R.C.] 2929.14?"
 {¶ 9} In his third assignment of error, Defendant contends that the trial court erred in failing to make required findings pertaining to imposition of consecutive sentences under R.C.2929.14. We disagree.
 {¶ 10} When imposing consecutive sentences, the trial court must explicitly find on the record that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]" R.C.2929.14(E)(4). R.C. 2929.14(E)(4) also requires a trial court to make one of three statutorily required findings regarding imposition of consecutive sentences including that:
"At least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct." R.C.2929.14(E)(4)(b).
The court must make these findings and give reasons for imposing consecutive sentences at the sentencing hearing. Statev. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus; State v. Riggs (Oct. 11, 2000), 9th Dist. No. 19846, at 3.
 {¶ 11} In this case, the judge found the following:
"The Court is satisfied that consecutive sentences are necessary * * * to protect the public from future crimes and that they are not disproportionate to the seriousness of [Defendant's] conduct and the danger [Defendant] poses to the public.
"The Court further finds that the harm caused by [Defendant] was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct * * * reflects the seriousness of [Defendant's] conduct."
As rationale supporting these findings, the judge noted the viciousness of the act, the physical and psychological harm upon the victim, the relationship of the victim to Defendant which facilitated the crimes, and Defendant's history of criminal conduct. After reviewing the record, we find that the trial court made the required findings. We overrule Defendant's third assignment of error.
 {¶ 12} We overrule Appellant's three assignments of error and affirm the judgment of the Summit County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Boyle, J., concur.