DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Vinton County Common Pleas Court judgment of conviction and sentence. Angie McIver, the defendant below and the appellant herein, entered a no contest plea and was found guilty of theft in office, in violation of R.C. 2921.41(A). Appellant assigns the following errors for review:
FIRST ASSIGNMENT OF ERROR:
"The trial court erred by sentencing defendant-appellant angela McIver to a period of incarceration in prison rather than imposing community control sanctions."
SECOND ASSIGNMENT OF ERROR:
"The trial court erred in sentencing defendant-appellant angela mCiver to a prison term in excess of the statutory minimum for a felony of the third degree."
 {¶ 2} In 2003 the voters selected the appellant as the Village of McArthur's Clerk/Treasurer. Her duties included making payroll checks for herself and for other village employees. During the course of that year, she paid herself the salary to which she was entitled. Unfortunately, she also made out and cashed approximately fifty (50) extra checks that totalled approximately $40,000.
 {¶ 3} On December 11, 2003, the Vinton County Grand Jury returned an indictment charging the appellant with theft in office in violation of R.C. 2921.41(A). After the trial court accepted her no contest plea and heard a statement of the facts, the court found her guilty and set the matter for a pre-sentence investigation.
 {¶ 4} At sentencing, the trial court heard counsels' arguments and weighed the aggravating and mitigating factors. The court noted, on the one hand, that the appellant had no prior criminal record, had shown genuine remorse and that she committed the crimes under circumstances that are not likely to recur. On the other hand, the court pointed out that the appellant held a position of trust and that the victim (the Village of McArthur) suffered serious economic harm.[1] The court concluded that a prison sentence is consistent with the "purposes and principles" of the state felony sentencing laws and, further, that the shortest prison term would "demean the seriousness" of the offense. Thus, the trial court sentenced the appellant (1) to a two year prison term, and (2) to pay $41,607.78 in restitution. This appeal followed.
 I {¶ 5} Appellant argues in her first assignment of error that the trial court erred when it imposed a prison sentence rather than community control sanction. We disagree.
 {¶ 6} Our analysis begins from the premise that the appellant was convicted of theft in office which, in this case, is a third degree felony. See R.C. 2921.41(B).[2] Though the statute is not entirely clear, there does not appear to be a presumption in most cases either for or against imprisonment for a third degree felony.[3] R.C. 2929.13(C); also see State v. Donahue, Wood App. No. WD-03-083, 2004-Ohio-7161, at ¶ 7; State v. Morales, Lake App. No. 2003-L-025, 2004-Ohio-7239, at ¶ 12. In determining whether to impose a prison sentence, R.C. 2929.13(C) directs a court to consider the "overriding purposes of felony sentencing" set forth in R.C. 2929.11 as well as the sentencing factors set out in R.C. 2929.12. See State v. Henry, Delaware App. No. 2004-CAA-06-047, 2004-Ohio-6711, at ¶ 15; State v. Holt, Summit App. No. 21835, 2004-Ohio-3252, at ¶ 20.
 {¶ 7} The "overriding purposes" of the Ohio felony sentencing laws are to protect the public from future crime and to punish the offender. R.C.2929.11(A). Sentences imposed must be "reasonably calculated" to achieve those purposes and, at the same time, not demean the seriousness of the offender's conduct or its effect on the victim. Id. at (B).
 {¶ 8} After our review of the sentencing hearing transcript, it is clear that the trial court considered these factors. The court explicitly referred to the "purposes and principals [sic] of the sentencing statute" and recited or paraphrased much of the statute's language. Although the court found little evidence to suggest that the public needed to be protected from future crimes, the court was justifiably disturbed by the severity of the appellant's actions. As we noted above, the trial court directly cited "the financial impact" of appellant's crimes "upon the Village of McArthur."
 {¶ 9} After it considered the purposes of the sentencing laws, the trial court was then required to consider the seriousness factors, mitigating factors and recidivism factors. See R.C. 2929.12(B)-(E). The court found little likelihood of recidivism, that appellant had no prior criminal background, that she had previously led a law-abiding life and that she had shown genuine remorse. See Id. at (D)(1), (E)(1), (E)(3)-(5). By the same token, however, the court also found that the she held an elected office/position of trust, that any occupant of such office should prevent this type of offense from occurring rather than committing an offense, and that her position in office actually facilitated such conduct. See Id. at (B)(3)-(5).
 {¶ 10} The court also placed great significance on the "financial impact" of the appellant's crimes. We, too, find this to be significant, particularly in light of the prosecutor's comments concerning the reduced funding for necessary services. Balancing these seriousness factors against the mitigating and recidivism factors, the court simply concluded that a prison sentence is appropriate punishment and that the imposition of community control, under these circumstances, would demean the seriousness of the offense.
 {¶ 11} Appellant counters that the trial court erred in basing its decision, in part, on factors set out in R.C. 2929.12(B)(3)-(5). She argues that her position as the McArthur Village Clerk is actually an element of the offense for which she was convicted and, thus, the trial court should not have double counted it as a factor that makes the offense more serious. She cites State v. Howard (Sep. 11, 1998), Hamilton App. No. C-971049 wherein our First District colleagues held that a trial court erred in finding that felony non-support is more serious because of the defendant's parental relationship with a child. The trial court had held that "[n]onsupport of a dependent . . . by its definition necessarily requires a relationship between the offender and the victim . . . Thus, the evidence is insufficient as a matter of law to support the trial court's conclusion that Howard's conduct was more egregious than any other nonsupport case merely because he is related to his children." Appellant argues that we should apply a similar principle here. We, however, disagree for several reasons.
 {¶ 12} First, we believe that the appellant reads the statute too narrowly. She asserts that being an elected official is an element of the offense. However, R.C. 2921.41(A) states that "[n]o public official . . . shall commit any theft offense . . ." (Emphasis added). The key phrase is "public official" and R.C. 2921.01(A) defines that term to mean any "elected or appointed officer, or employee or agent of the state or any political subdivision . . ." In other words, a person does not have to be an "elected official" to be a "public official" for purposes of this statute. An appointee or an employee also falls under this definition. That said, we agree with the trial court that the appellant's position as an elected official makes her crime more egregious. She was neither appointed nor hired by any village official to represent the interests of McArthur. Rather, the people of McArthur reposed a special trust in her. The citizens elected her to represent their interests in all matters concerning the village. She obviously violated that trust. Her capacity as an elected official, we believe, makes the crime more serious than if a similar crime had been committed by someone in whom such trust was not directly reposed (i.e., an employee).
 {¶ 13} We also conclude that even if the trial court erred by considering her status as an elected official, the court did not commit a reversible error. The sentencing hearing transcript reveals that the court "merged" the R.C. 2929.12(B)(3)-(5) factors when it imposed the appellant's sentence because they all related to her position as an elected official. It also appears that this single "merged" factor was secondary in the court's consideration. The transcript in its entirety indicates that the larger factor in the court's decision was the large sum money involved (approximately $40,000) and the detrimental impact her actions had on the Village of McArthur. We note that both the prosecutor and the trial court spoke highly of appellant and it is evident that they were saddened by the appellant's sentence. Nevertheless, the magnitude of the offense, and its impact upon the village, compelled their actions.
 {¶ 14} In the end, courts have discretion to determine whether a prison sentence or community control sanction is the most effective way to comply with the overriding purposes of the felony sentencing laws. See 2929.12(A); also see State v. Cummings, Medina App. No. 04CA0009-M,2004-Ohio-6535, at ¶ 13; State v. Vasquez (Feb. 8, 2002), Lucas App. No. L-01-1346. Although this statute vests discretion in the trial court, this does not mean that we review the trial court's decision through the prism of a traditional "abuse of discretion" standard. While a court generally possesses discretion in sentencing an offender, the court must not disregard the statutory principles, procedures, presumptions, and factors. See R.C. 2929.12(A); also see State v. Persons
(Apr. 26, 1999), Washington App. No. 98CA19.
Additionally, we note that by providing statutory standards for the exercise of that discretion, the Ohio General Assembly has defined what constitutes an "abuse of discretion." A sentencing court abuses its discretion when it fails to appropriately consider the "purposes, array of principles, factors, and presumptions," detailed in R.C. 2929.11
through R.C. 2929.20. Id.; also see State v. Stapleton, Lawrence App. No. 03CA28, 2004-Ohio-1859, at ¶¶ 13-14; State v. Aguirre, Gallia App. No. 03CA5, 2003-Ohio-4909, ¶¶ 46-47; State v. Canter (Dec. 27, 2001), Athens App. No. 01CA38.
 {¶ 15} After our review of the record in this case, we believe that the trial court gave careful consideration to the purposes of the felony sentencing laws, (R.C. 2929.11), as well as the seriousness factors, mitigating factors and recidivism factors (R.C. 2929.12(B)). This is a very difficult case for all concerned. The court, however, ultimately concluded that these factors weighed in favor of a prison sentence and we find no abuse of discretion in that decision.
 {¶ 16} Accordingly, based upon the foregoing reasons, we hereby overrule the appellant's first assignment of error.
 II {¶ 17} Appellant asserts in her second assignment of error that the trial court erred by imposing more than the minimum allowable sentence. We disagree.
 {¶ 18} As we mentioned, supra, the appellant's conviction for a third degree felony includes an allowable prison sentence from one to five years. R.C. 2929.14(A)(3). As the appellant correctly indicates, if an offender has not previously served a prison sentence (as is the case here), the court is required to impose the shortest allowable prison sentence unless it finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public. Id. at (B).
 {¶ 19} Our review of the sentencing hearing transcript reveals that the trial court explicitly stated that "the shortest prison term would demean the seriousness of the offense . . ." The same finding was carried over into "findings" number three in the September 30, 2004 sentencing entry. This complies with the requirements of R.C. 2929.14(B) and we find no error with the court's determination. Once again, the citizens of McArthur reposed a special trust in the appellant and she violated that trust. Her acts also inflicted hardships on her constituents. We thus conclude that the record amply supports the trial court's determination that the shortest prison term would demean the seriousness of the offense.
 {¶ 20} We do agree with the appellant's argument concerning the absence of a finding that a longer than minimum prison sentence is needed to protect the public. On several occasions the trial court noted that the appellant had no prior record, was not likely to recidivate and showed genuine remorse. We note, however, that R.C. 2929.14(B) is phrased in the disjunctive. Thus, even if a non-minimum prison sentence is not required to protect the public, a non-minimum prison sentence could still be imposed if a minimum sentence would demean the seriousness of the offense. In this case, the offense committed was serious and had serious consequences for the people of McArthur. The trial court believed that something more than a minimum sentence is warranted and we find no error in that determination.
 {¶ 21} We also point out that the imposed sentence is one year above the minimum allowable sentence. The court could have imposed three, four or five years, but did not do so — probably for the same reasons that the appellant raises in this assignment of error (i.e., that she has no prior criminal record, has shown genuine remorse and is unlikely to recidivate). The trial court believed that in light of the facts and circumstances of this case, the appellant deserved more than the minimum sentence, but not the maximum sentence allowed under law. Again, we find no error in that determination.
 {¶ 22} For these reasons, we hereby overrule the appellant's second assignment of error. Having considered all the errors assigned and argued, and after finding merit in none of them, we hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Vinton County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment Opinion.
McFarland, J.: Concurs in Judgment Only.
[1] The embezzlement in this case apparently had significant ramifications for the economic health of the village and resulted in a reduction in public services.
[2] Theft in office is typically a fifth degree felony. However, because more than $5,000 is involved the degree of the offense is a third degree felony. See R.C. 2921.41(B).
[3] We note, however, that third degree felony drug offenses carry a presumption where the amount of the drug equals or exceeds the bulk amount. R.C. 2925.11(C)(1)(b).