[Cite as *State v. Will*, 2012-Ohio-2616.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No. 26080 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAMES W. WILL | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 2011 01 0046 |

DECISION AND JOURNAL ENTRY

Dated: June 13, 2012

MOORE, Presiding Judge.

{¶1} Appellant, James Will, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} On December 19, 2010, Will and two of his friends were walking in the area of Winter Parkway Apartments in Cuyahoga Falls, when Officer Schmidt of the Cuyahoga Falls Police Department was dispatched to the apartment complex due to a report of domestic violence. Believing that Will was the suspect in the domestic violence report, the officer stopped Will and his friends to obtain identification. After receiving Will's social security number, the officer ran the number through dispatch and discovered that, although Will was not the suspect in the domestic violence report, he had an outstanding warrant for his arrest. The officer took Will into custody, and Will subsequently told the officer that he had cocaine in his shoe, which was then confiscated by the officer.

{¶3} The Summit County Grand Jury indicted Will on the charge of possession of cocaine, in violation of R.C. 2925.11(A)(C)(4), a felony of the fifth degree. Will pled not guilty at his arraignment, and later filed a motion to suppress evidence. The trial court denied the motion, and Will amended his plea to no contest. The trial court found Will guilty and sentenced him to two years of community control. Will timely filed a notice of appeal and raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT [WILL]'S MOTION TO SUPPRESS ILLEGALLY OBTAINED EVIDENCE.

{¶4} In his sole assignment of error, Will argues that the trial court erred by failing to grant his motion to suppress the evidence because it was obtained as the result of an unjustified stop. We do not agree.

{¶5} The Fourth Amendment to the United States Constitution and Article I, Section 14, of the Ohio Constitution prohibit law enforcement from conducting unreasonable and warrantless searches and seizures. When a police officer stops and detains an individual, the stop is a seizure within the meaning of the Fourth Amendment. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979). Courts are required to exclude evidence obtained by means of searches and seizures that are found to violate the Fourth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 657 (1961).

{¶6} To comply with the provisions of the Fourth Amendment in the context of a warrantless investigative stop, a law enforcement officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant" the stop. *Terry v. Ohio*, 392 U.S. 1, 21 (1968). The propriety of an investigative stop

3

should be reviewed in light of the totality of the circumstances. *State v. Freeman*, 64 Ohio St.2d 291 (1980), paragraph one of the syllabus.

{¶7} In his motion to suppress, Will argued that the officers did not have a reasonable and articulable suspicion to justify stopping him, and thus the evidence obtained resulting from the stop should have been suppressed. The evidence presented at the suppression hearing is largely undisputed. At the hearing, Officer Schmidt testified that, on December 19, 2010, the Cuyahoga Falls Police Department received a report of a domestic dispute involving a father and his son at the apartment complex on Winter Parkway. Officer Schmidt was on duty at that time, and dispatch provided him with the suspect's name and advised the officer that the suspect had left the scene on foot. Dispatch provided a description of the suspect as a 23-year-old male with short dark hair, wearing black boots and a black shirt that had skulls on it. Although the officer mistakenly believed that dispatch had reported that the suspect was wearing a hat with skulls on it, when the officer arrived in the area of the apartment complex, he observed Will walking away from the complex wearing a hooded shirt that appeared to have skulls on the shirt and hood. The officer stopped Will and asked to see his identification, but Will did not have his identification with him, and instead provided the officer with his name and social security number. Using this information, Officer Schmidt confirmed Will's identity through dispatch, at which point the officer learned that, although Will was not the suspect in the domestic violence dispute, he had an outstanding arrest warrant. The officer took Will into custody, and Will then disclosed to the officer that he had cocaine in his shoe, which the officer confiscated. The officer testified that he stopped Will because he was a young male wearing clothing that had skulls on it, and he was leaving the area of the domestic violence report on foot.

{¶8}    Will bases his suppression argument solely upon the propriety of the stop based upon these facts, and we will limit our discussion accordingly.  In his merit brief, Will argues that because the trial court determined that Will's clothing did not entirely match the description of the suspect's clothing, the officer could not justify stopping Will.  In support of his position, he points out that the trial court determined that the suspect was reported as wearing black boots, whereas Will was wearing white tennis shoes.  In addition, Officer Schmidt believed that dispatch had indicated that the suspect was wearing a hat with skulls on it, when dispatch had instead reported that the suspect was wearing a shirt with a skull on it.  Although Will was wearing a hooded sweatshirt with skulls on it, his knit cap had no skulls on it.  Because of these discrepancies, Will argues that the officer stopped him merely because he was in the vicinity of reported illegal activity, and this basis alone is insufficient to justify an investigative stop.  Will relies upon our decision in *State v. Binford*, 9th Dist. No. 22038, 2004-Ohio-5176, in support of his position.

{¶9}    Will has misstated our holding in *Binford* in his merit brief, wherein he argues that this Court "unanimously upheld the trial court's decision" suppressing the State's evidence. To the contrary, this Court *reversed* the trial court's decision to suppress evidence.  *Id.* at ¶ 12. This misapprehension notwithstanding, legal precedent has established that a suspect's mere presence in the vicinity of suspected criminal activity cannot justify a *Terry* stop.  *See State v. Davis*, 140 Ohio App.3d 649, 664 (9th Dist.2000).  Although a stop cannot be predicated solely upon an individual's presence in the area of suspected criminal activity, it is a factor that the court may consider in reviewing the totality of the circumstances.  *Id.* (stop not justified based upon individual's departure from suspect's apartment where there was "no testimony that the individual who left the apartment physically resembled the person who was the object of the

search warrant."). As we noted above, the undisputed evidence before the trial court indicated that the suspect was a young male, wearing a shirt with skulls upon it, and who was traveling on foot in the vicinity of the apartments. Furthermore, Officer Schmidt testified that the skulls appeared on both the body of the hooded sweatshirt as well as the hood; therefore, Will's clothing had distinctive markings that matched both the description given by dispatch and Officer Schmidt's misapprehension that the skulls also could be on a hat. Based upon the totality of these circumstances, we conclude that Officer Schmidt's suspicion that Will was the suspect in the domestic dispute was reasonable. Therefore, the trial court did not err in denying Will's motion to suppress.

## III.

{¶10} Accordingly, Will's sole assignment of error is overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

CARR, J.
BELFANCE, J.
CONCUR.

APPEARANCES:

GREGORY A. PRICE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.