[Cite as *State v. Fleetwood*, 2020-Ohio-5492.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

DORSHAWN C. FLEETWOOD

    Appellant

C.A. No.    29465

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2018 11 3960

DECISION AND JOURNAL ENTRY

Dated: December 2, 2020

CARR, Presiding Judge.

{¶1} Appellant, Dorshawn Fleetwood, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} On December 17, 2018, the Summit County Grand Jury indicted Fleetwood on one count of burglary, one count of kidnapping, two counts of aggravated vehicular assault, two counts of violating a protection order, one count of unlawful restraint, one count of operating a vehicle under the influence of alcohol or drugs ("OVI"), and one count of driving under suspension. Fleetwood pleaded not guilty to the charges at arraignment.

{¶3} Fleetwood ultimately entered into a written plea agreement with the State. Fleetwood pleaded guilty to an amended count of trespass into a habitation, two counts of aggravated vehicular assault, one count of violating a protection order, and one count of OVI. The remaining charges were dismissed. The trial court imposed a total prison sentence of six years.

{¶4} On July 2, 2019, Fleetwood filed a pro se motion for leave to file a delayed appeal. Fleetwood's initial appeal was dismissed for failure to file a brief. Thereafter, this Court granted Fleetwood's motion to reinstate his appeal and appointed appellate counsel. Fleetwood now raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT FAILED TO ENGAGE IN A MEANINGFUL DIALOGUE WITH APPELLANT FLEETWOOD REGARDING THE CONSTITUTIONAL RIGHTS HE WAS WAIVING BY ENTERING GUILTY PLEAS TO SEVERAL COUNTS OF THE INDICTMENT, AND MISINFORMED HIM OF ONE OF THOSE RIGHTS, THEREBY RENDERING HIS PLEAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTERED.

{¶5} In support of his sole assignment of error, Fleetwood contends that the trial court failed to comply with Crim.R. 11(C) when it "essentially paraphrased" his constitutional rights at the plea colloquy. Fleetwood maintains that the trial court should have inquired as to "whether [he] understood [each] right, before going on to the next right." This Court disagrees.

{¶6} Crim.R. 11(C)(2)(c) provides that a trial court in felony cases must "address[] the defendant personally" and inform the defendant of his or her constitutional rights prior to accepting a plea of guilty or no contest. Specifically, the trial court is required to:

Inform[] the defendant and determin[e] that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

*Id.*

{¶7} "Because Crim.R. 11(C)(2)(c) deals with the waiver of constitutional rights, strict compliance with the rule is required." *State v. Jordan*, 9th Dist. Summit No. 27690, 2015-Ohio-

4354, ¶ 5, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 18. Under the strict compliance standard, a trial court is not required to use the exact language of Crim.R. 11(C)(2)(c) "so long as the trial court actually explains the rights to the defendant." *Veney* at ¶ 27, citing *State v. Ballard*, 66 Ohio St.2d 473 (1981), paragraph two of the syllabus. This Court reviews matters of whether the trial court strictly complied with Crim.R. 11(C)(2)(c) de novo. *State v. Owens*, 9th Dist. Summit No. 25174, 2010-Ohio-4635, ¶ 7.

{¶8} In support of his assignment of error, Fleetwood notes that the high court in *Ballard* observed that "the best method of informing a defendant of his constitutional rights is to use the language contained in Crim.R. 11(C), stopping after each right and asking the defendant whether he understands the right and knows that he is waiving it by pleading guilty." *Ballard* at 479. Notably, however, the Supreme Court went on to say that the "failure to so proceed will not necessarily invalidate a plea." *Id*. The Supreme Court stressed that the "underlying purpose" of Crim.R. 11(C) "is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty." *Id*. "[W]hile it is recommended that a trial judge stop after naming each constitutional right and ask if the defendant understands that right, the failure to do so will not necessarily invalidate a plea." *State v. Holt*, 9th Dist. Summit No. 21835, 2004-Ohio-3252, ¶ 11, citing *Ballard* at 479-480. "[I]f the record shows that the trial court engaged in a meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights in a manner reasonably intelligible to that defendant[,] then the court's acceptance of a guilty plea is to be affirmed." (Internal quotations and citations omitted.) *Holt* at ¶ 9.

{¶9} A review of the record here reveals that Fleetwood's assignment of error is without merit. Fleetwood signed two forms that explained the rights he would be waiving by pleading

guilty to the various charges against him. Defense counsel represented to the trial court that he had spent "significant time" with Fleetwood going over the terms of the plea negotiations prior to Fleetwood signing the written plea agreement. At the plea hearing, the trial court outlined the possible penalties Fleetwood could face upon entering guilty pleas. The trial court then informed Fleetwood of all the constitutional rights that he would be waiving and asked, "[d]o you understand that?" Fleetwood responded in the affirmative. Although stopping and addressing Fleetwood after each right would have been the best practice, the trial court's failure to do so does not invalidate the plea, given that that the trial court engaged in a meaningful dialogue with Fleetwood that allowed him to understand the rights he would be waiving by pleading guilty. *See Holt* at ¶ 9.

{¶10} To the extent that Fleetwood asserts that he was misinformed of his appellate rights when the trial court informed him that he was "waiv[ing] [his] right to appeal in this case[,]" we note that any issues in this regard were not prejudicial as Fleetwood was in fact able to challenge the validity of his plea on appeal. *See generally State v. Gegia*, 157 Ohio App.3d 112, 2004-Ohio-2124, ¶ 18 (9th Dist.) (holding that a defendant who pleads guilty waives the right to challenge any action taken by the trial court up to that point in the proceeding, unless it impacted the knowing and voluntary character of the plea).

{¶11} Under these circumstances, we cannot say that the trial court failed to comply with Crim.R. 11(C)(2)(c). The assignment of error is overruled.

III.

{¶12} Fleetwood's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

DONNA J. CARR
FOR THE COURT

TEODOSIO, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

NICHOLAS SWYRYDENKO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.