OPINION *Page 2 
{¶ 1} Defendant-appellant Derek L. Sullivan appeals his sentence and conviction entered in the Tuscarawas County Court of Common Pleas following a no contest plea.
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} Defendant-appellant, Derek L. Sullivan, was indicted by the Tuscarawas County Grand Jury for two counts of Receiving Stolen Property, in violation of R.C. § 2913.51 (A), two counts Forgery, in violation of R.C. § 2913.31(A)(3), and two counts Theft, in violation of R.C. § 2913.02(A)(1), all felonies of the fifth degree.
 {¶ 4} On October 14, 2005, Appellant was arraigned. Appellant appeared with counsel and entered a plea of not guilty. The case was assigned to Judge Elizabeth Lehigh Thomakos and a pretrial was set for October 31, 2005.
 {¶ 5} On October 31, 2005, a pretrial was held. The case was set for a jury trial to be held on January 4, 2006.
 {¶ 6} On November 3, 2005, an order to transport Appellant from Lorain Correctional Institute for a Change of Plea was filed.
 {¶ 7} On January 6, 2006 the trial court filed a Nunc Pro Tunc Entry to correct the date for the change of plea to January 23, 2006, and jury trial scheduled for January 24, 2006.
 {¶ 8} On January 24, 2006, Appellant changed his previous not guilty pleas to pleas of no contest. The Prosecution presented that some of the offenses were allied offenses of similar import and the State recommended (12) month consecutive prison *Page 3 
sentences for Counts One and Four for two counts Receiving Stolen Property, and a twelve (12) month concurrent prison sentence for Count Five, one count Forgery, with said sentence to be served consecutive to the Defendant's current term of incarceration.
 {¶ 9} The trial court proceeded to sentence Appellant to five years of community control sanctions. (T. at 48). "The precise terms and conditions of community control will be imposed upon release." (T. at 48).
 {¶ 10} On March 14, 2006, Appellant filed a pro se Motion to Withdraw Plea.
 {¶ 11} On March 15, 2006, Appellant filed a Motion to Dismiss Appointed Counsel.
 {¶ 12} On March 17, 2006, the State filed a response to the Motion to Withdraw Plea.
 {¶ 13} On June 23, 2006, appointed counsel filed a Motion to Withdraw No Contest Plea and a Motion for Judicial Release.
 {¶ 14} On June 26, 2006, the Court denied the Motion to Withdraw Plea and Appoint New Counsel, and Dismissed Appointed Counsel.
 {¶ 15} On July 11, 2006, a Notice of Appeal was filed.
 {¶ 16} Counsel was appointed to represent Appellant on September 1, 2006.
 {¶ 17} Appellant now appeals and assigns the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 18} "I. APPELLANT'S PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTERED IN TO."
 {¶ 19} "II. THE APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL." *Page 4 
 I. {¶ 20} In his first assignment of error, Appellant argues that his plea was not made voluntarily. We disagree.
 {¶ 21} The basic tenets of due process require that a guilty plea be made "knowingly, intelligently, and voluntarily." State v. Engle (1996),74 Ohio St.3d 525, 527. Failure on any of these points "renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." Id. A determination of whether a plea is knowing, intelligent, and voluntary is based upon a review of the record. State v. Spates (1992), 64 Ohio St.3d 269, 272. If a criminal defendant claims that his guilty plea was not knowingly, voluntarily, and intelligently made, the reviewing court must review the totality of the circumstances in order to determine whether or not the defendant's claim has merit. State v. Nero (1990), 56 Ohio St.3d 106,108.
 {¶ 22} To ensure that a plea is made knowingly and intelligently, a trial court must engage in oral dialogue with the defendant in accordance with Crim.R. 11(C)(2). Engle, 74 Ohio St.3d at 527. Pursuant to Crim.R. 11(C)(2):
 {¶ 23} "In felony cases the court * * * shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 24} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. *Page 5 
 {¶ 25} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 26} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 27} "The underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty." State v. Ballard (1981), 66 Ohio St.2d 473, 479-80.
 {¶ 28} In determining whether the trial court complied with the constitutional requirements of Crim.R. 11(C)(2), this Court reviews the record and if the record shows that the trial court "engaged in a meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights `in a manner reasonably intelligible to that defendant[,]' " the court's acceptance of the guilty plea should be affirmed. State v. Anderson (1995), 108 Ohio App.3d 5, 9, quotingBallard, 66 Ohio St.2d at paragraph two of the syllabus.
 {¶ 29} In the instant matter, this Court finds that the trial court complied with Crim.R. 11. *Page 6 
 {¶ 30} In his argument, Appellant asserts the trial court erred in accepting his plea because during his colloquy with the trial court at the sentencing hearing he stated that he was not allowed to type his own motions and was deprived of having access to the Ohio Revised Code. (T. at 15). He further stated that he was unable to assist in his own defense because Correction Officers threatened to place him on restriction and remove all of his legal materials. Id. He went on to state that such Corrections Officers "don't let an individual help represent himself down there legally. They do everything to stop you from doing so." Id.
 {¶ 31} The trial court read the charges pending against Appellant, read the relevant statutes and then reviewed the sentences ranges, explaining that court could impose consecutive multiple terms. (T. at 20-25). Upon inquiry from the trial court, Appellant acknowledged he understood the charges and the possible penalties. Id. The trial court also informed Appellant that a period of post-release control could be imposed by the Adult Parole Authority upon his release from prison. (T. at 25). The trial court next reviewed the possibility of the imposition of community control sanctions with Appellant. (T. at 26). Appellant acknowledged that he understood post-release control and community control sanctions. (T. at 26). The trial court went on to review with Appellant the rights which he was giving up by entering a plea. (T. at 27-28). Appellant acknowledged that he understood his rights and that he further understood that he was waiving those rights. (T. at 27-28). Appellant acknowledged that he had the opportunity to fully discuss his cases with his attorney and that he was satisfied with proceeding with entering his pleas on that date. (T. at 28). Appellant stated that he had confidence in his attorney and accepted his representation in the cases before the trial court. (T. at *Page 7 
29). Appellant further stated that he had not been coerced or forced to enter such pleas, that no promises had been made to him, and that the plea agreement was consistent with his understanding as to what the recommendations made by the State were going to be on that day. (T. at 30-31). The trial court then reviewed Appellant's plea of no contest to the charges in the indictment. (T. at 37-38). Appellant affirmed that he signed each of the acknowledgment forms and that his signature was made voluntarily. (T. at 38).
 {¶ 32} Based upon our review of the plea hearing, we cannot say that the trial court erred in accepting Appellant's plea. Appellant acknowledged that he understood each of his rights, the nature of the charges against him, agreed to waive each of his rights and understood that by waiving such rights and entering a plea of no contest the trial court would find him guilty and sentence him accordingly. Appellant further acknowledge that he was making such pleas voluntarily.
 {¶ 33} Accordingly, we hereby overrule this Assignment of Error.
 II. {¶ 34} In his second assignment of error, Appellant argues that he was denied the effective assistance of trial counsel. We disagree.
 {¶ 35} The standard of review of an ineffective assistance of counsel claim is well established. Pursuant to Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 673, in order to prevail on such a claim, appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability *Page 8 
that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373.
 {¶ 36} First, we must determine whether counsel's assistance was ineffective, i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client.
 {¶ 37} If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. As stated above, this requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. Id. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v.Sallie (1998), 81 Ohio St.3d 673, 675, 693 N.E.2d 267.
 {¶ 38} Appellant argues his trial counsel was unprepared for the sentencing hearing, that he was not familiar with the sentencing statutes and that he had failed to review discovery on other pending cases.
 {¶ 39} The evidence against Appellant included color photographs enlarged to show Appellant at the bank teller's window cashing the stolen checks.
 {¶ 40} Based on the evidence against Appellant and the plea agreement which Appellant's counsel negotiated for him, not only do we fail to find that Appellant's counsel was deficient in his representation, we further fail to find that Appellant was prejudiced by such representation. *Page 9 
 {¶ 41} Appellant's second assignment of error is overruled.
 {¶ 42} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
Wise, J. Hoffman, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed. Costs assessed to Appellant. *Page 1